ROBERT KINEAR, Respondent, *v.* EDWARD W. SHANDS, Appellant.

1. *Attachment—Demand not due.*—An attachment cannot issue, upon a demand not due, for any of the causes specified in the subdivisions 1, 2, 3 & 4 of § 1 R. C. 1855, p. 238.
2. *Landlord and Tenant—Attachment.*—The removal by a tenant of a small portion of his furniture for temporary use elsewhere, the tenant not intending to leave the premises, will not authorize the landlord to sue out an attachment against the tenant under the act of "Landlords and Tenants." (R. C. 1855; p. 1015, § 26.)

*Appeal from St. Louis Court of Common Pleas.*

*Minor*, for respondent.

*Holliday*, for appellant.

WAGNER, Judge, delivered the opinion of the court.

Plaintiff brought his suit by attachment against defendant on account of rent not due. The affidavit for the attachment was made under the third subdivision of section one of the attachment law (R. C. 1855, p. 238), and also under the twenty-sixth section of the "Act concerning landlords and tenants" (*ibid.* 1015).

The proceeding, so far as the first cause alleged in the affidavit is concerned, was a nullity, as that does not authorize the issuing of an attachment on a demand not due; but the law regulating landlords and tenants authorizes the issuance of an attachment, founded on an affidavit, against a person where he is liable for rent (whether the same be due or not, if the rent be due within one year thereafter), if he intends to remove, or is removing, or has within thirty days removed his property from the leased premises.

Defendant filed his plea in the nature of a plea in abatement and the trial was had before the court, both parties waiving a jury. It appeared from the evidence on the trial of the plea in abatement, that, at the time the attachment was issued, the defendant was on a visit with his family at Paris, Monroe county, Missouri; and that his brother had packed up and shipped off to a Mrs. White's certain furniture which had been in the house, and which was her own property and never belonged to defendant. The only furniture of defendant's that was sent away, was a bedstead and some children's bedding, which were sent to defendant's wife for the comfort and convenience of the family whilst they were temporarily absent. There was no intention of removing any more. The furniture left in the house was worth $800, double the amount of the plaintiff's debt. The family intended to return and occupy the house in the ensuing fall. The court in substance declared the law to be, that if at the time of the issuing the attachment in this cause the defendant was removing his property from the leased premises which he had leased from the plaintiff, then the verdict should be for plaintiff.

The following declarations asked by the defendant were refused:

" 2. Although the jury may believe from the evidence that the defendant or his wife removed a portion of defendant's property from the premises described in the plaintiff's petition before this attachment suit was instituted, yet if they further believe from the evidence that the property so removed was of small value as compared with the property of defendant left on said premises, and that the removal thereof was only temporary, and that property of defendant in value largely above the plaintiff's claim was left on said premises without any intention to remove the same therefrom, they must find for the defendant.

" 3. If the court sitting as a jury believe from the evidence that the defendant moved a few articles from the demised premises for temporary use and convenience only, leaving therein a large proportion of the property belonging to said house with the intent again to occupy said premises and remove back said articles removed therefrom, the verdict ought to be for the defendant."

The law to secure the landlord in the payment of his rent gives him a most full and ample remedy, where the tenant intends to remove, or is removing, or has within thirty days removed his property from the leased premises. But it is not within its meaning, scope or intent that this remedy should be applied and pursued where the defendant is removing merely a portion of his property for purposes of use or temporary convenience. It was certainly not the intention of the statute to conclusively forbid and restrain *in toto* the owner from removing for use any of his property off of the premises during the continuance of the tenancy.

The law as declared and carried out in the court below would warrant and authorize an attachment against a tenant for removing every article however worthless or useless, or however necessary to be used elsewhere, although no intention existed or attempt was made to remove from the premises, or to take away, any of the property of value.

The special remedy by attachment in favor of the landlord we consider sufficiently stringent, without giving it any such rigid and unreasonable construction. The instruction stated the law fairly as applicable to the evidence, and should have been given.

The judgment is reversed and the cause remanded. Judge Holmes concurs; Judge Lovelace absent.