THEODORE KLEUN, Plaintiff in Error, *v.* CHARLES VINYARD, Defendant in Error.

*Landlord and Tenant — Attachment.* — The object of the statute in authorizing the landlord to sue out an attachment, was to prevent the tenant from removing his property from the premises for any purpose or any pretext, if he thereby exposed the landlord to the danger of losing his rent. The affidavit should state affirmatively the facts relied on as grounds for the attachment. (R. C. 1855, p. 1015.)·

*Error to Jefferson Circuit Court.*

FAGG, Judge, delivered the opinion of the court.

This is a suit by attachment under the Landlord and Tenant Act of 1855, instituted by Vinyard against Kleun, before a justice of the peace for Jefferson county, for the recovery of rent. The affidavit upon which the attachment issued embraced all of the causes enumerated in section 26 of the act referred to, and were all set out in the alternative in the precise language of the statute. The transcript of the justice shows that there was a denial " of the facts contained in the affidavit," a trial upon that issue, and a verdict for Kleun, the plaintiff in error. The case was then taken to the Circuit Court by appeal, when there was a verdict and judgment for Vinyard, and the case brought here by writ of error.

It is insisted here in behalf of the plaintiff in error, that upon the trial had in the Circuit Court the jury was sworn to try the issue made upon the plea in abatement. If that be true, then the subsequent proceedings in the case were manifestly erroneous. We fail to discover anything in the record to support such a position. For all that appears upon the record of the Circuit Court, the plea in abatement was waived, and the trial had upon the simple issue as to whether Kleun was indebted to Vinyard and in what amount. It is true, some testimony was admitted tending to prove the fact that Kleun was about to leave the premises which he had

rented of Vinyard, but that of itself was wholly immaterial. The real issue to be tried—admitting that the affidavit was sufficient, and that the trial was upon the plea in abatement—was whether there was an intent on the part of Kleun to remove his property from the premises, or whether he was then (at the time of filing the affidavit) removing it, or that he had within thirty days previous removed the same, so as to cause a loss of the rent unless an attachment was issued, &c. The testimony introduced does not tend to prove any one of these facts, and hence it is not even to be inferred that there was a trial upon that issue. The affidavit was clearly insufficient, and might have been taken advantage of at the proper time. It should have stated affirmatively the facts intended to be relied upon as the ground of the attachment; but it is too late now to make any objection upon that score. The case as tried seems to have been fairly presented to the jury and the verdict rendered for the right party. It is conceived that a correct interpretation of the statute under which this proceeding was had would require the attaching creditor to show affirmatively that the removal of the property was contemplated (or made, as the case might be) with the *intention of evading the payment of the rent.* The object of the law was simply to enable a landlord to prevent the tenant from moving his property from the premises for any purpose and under any pretext whatsoever, if by such removal he will be in danger of losing his rent.

But this discussion need proceed no farther. We find no error upon the record either in the admission of testimony, or in the declarations of law made by the court below; and the judgment will therefore be affirmed. The other judges concur.