WALTER B. MORRIS and JAMES D. MORRIS, Appellants, v. BALZER HAMMERLE, Respondent.

40   489
57a  243
40   489
87a  117

1. *Evidence—Practice—Deceased Witness.*—The testimony given by a deceased witness at a previous trial cannot be read from the bill of exceptions without laying the proper foundation for its introduction, by proving by the testimony of a witness competent to testify, the accuracy of the minutes of the testimony of the deceased witness; the substance of what the witness swore to must be proved like other hearsay evidence.
2. *Landlord and Tenant—Attachment.*—In an attachment under the Landlord and Tenant Act, the intention of the tenant in removing personalty from the premises is immaterial; the proper question is, does the removal of the property endanger the rent of the landlord?

*Appeal from St. Louis Circuit Court.*

*Leverett Bell,* for appellants.

*Woerner & Kehr,* for respondent.

FAGG, Judge, delivered the opinion of the court.

This was an attachment suit instituted in the St. Louis Circuit Court, under § 26, ch. 94, R. C. 1855. The provisions of this section of the act in relation to Landlords and Tenants were considered by this court in the case of Kleun v. Vinyard, 38 Mo. 447. The ground upon which an attachment is authorized to issue against the property of the tenant does not involve a question of intention, but one of fact. It was so held in the case referred to. In such cases, if it is found by the jury as a matter of fact that the actual or intended removal of the property from the premises would endanger the landlord in the collection of his rent, it will be sufficient to justify the suing out of an attachment.

The verdict in this case was for the defendant, and the plaintiffs bring this case here by appeal.

The first assignment of error relied upon by the appellants is the exclusion of the testimony of a deceased witness given upon a former trial of this case and preserved in a bill of exceptions. After proving the death of the witness, plaintiffs offered to read the testimony as there stated without laying any other foundation for its introduction. The court committed no error in excluding it in that shape. There is no question about the competency of such evidence. The principle is well recognized in the text books and also in the reported decisions of the courts; but the substance of what was sworn to by such witness must be proved, like all other hearsay evidence, by the testimony of a witness who can swear to its correctness. If notes of the testimony of such deceased witness are relied upon, then there must be a witness competent to testify and able to swear to their accuracy. The principles involved in this question were considered at length and carefully stated in the opinion of this court in the case of Jaccard et al. v. Anderson, 37 Mo. 91. The examination of this point is not essential except for the purpose of settling the rule of evidence in such cases. The testimony of this witness seems to have been cumulative merely, and contained no new fact bearing upon the issues in the case.

Two declarations of law were given by the court, one at the instance of the plaintiffs and one for the defendant. On behalf of the plaintiffs, the jury were told, without any qualification whatever, that if they believed from the evidence that at the time of the commencement of the suit defendant was removing or intended to remove his property, or within thirty days previous thereto had actually removed his property from the leased premises, they should find for the plaintiffs. This statement of the law was entirely too broad. It should have been so far qualified as to make the right of plaintiffs to recover in this form of action to depend upon the further fact that they would thereby be in danger of losing their rent.

The following is the instruction given for the defendant: "The taking away and selling portions of the produce of the

farm in the usual and ordinary course of business is not a removal of the tenant's property so as to justify an attachment." It is admitted that this instruction taken by itself would be objectionable. Taken in connection with that given for the plaintiffs, it left the jury to find from the evidence in the cause, whether as a matter of fact there was still property enough left upon the premises, after the removal and sale of the produce stated by the witnesses, to secure the landlord in the payment of his rent.

Upon an examination of the whole case, we are not disposed to disturb the verdict.

The judgment will be affirmed. The other judges concur.