A. W. GILLIAM, Appellant, *v.* WILLIAM BALL, JR., *et al.,*
Respondents.

I. *Evidence — Instructions — Weight of evidence.—* Courts have no right to
instruct juries touching the sufficiency or weight of evidence.

*Appeal from Saline Court of Common Pleas.*

*W. P. Bush* and *J. P. Shother,* for appellant.

*G. T. White,* with *Boyd & Miller,* for respondents.

WAGNER, Judge, delivered the opinion of the court.

This suit was brought by attachment under the 26th section of
the landlord and tenant act (Wagn. Stat. 881, § 26), and upon
a trial of the issues made up, a verdict was had for the defend-
ants. The only question presented by the record for our determ-
ination is the action of the court in refusing to give the second
instruction prayed for by the plaintiff. That instruction is as
follows: " In determining whether such was the intention of the
defendants or either of them, evidence of the statement of either
of them as to his or their determination to remove and continue
to remove corn until stopped by law, is *prima facie* sufficient
to establish the fact that the landlord was in danger of losing
his rent."

The case shows that Gilliam rented some land to Ball, for
which Ball was to pay a certain amount of corn per acre as rent.
Ball sub-let a portion of the premises to Harris, and Harris sold
one load of corn that he had raised on the land, and Gilliam for-
bade his removing it, when Harris replied that he would remove
corn when he pleased unless stopped by law. Gilliam thereupon
sued out his attachment, and attached the whole crop raised by
both Ball and Harris. The evidence is abundant to show that
the crop and property on the land belonging to the tenants was
more than sufficient to satisfy the rent, and there is nothing going
to show that the tenant ever contemplated the sale of more than
one load of corn. Under such circumstances we do not think
that the mere declaration of Harris was even *prima facie* evi-

dence to establish the fact that the landlord was in danger of losing his rent. But whether it was evidence of any sufficiency or not was a question solely for the jury, and the court had no right to instruct them as to its sufficiency or weight.

The only question was, did the removal of the property endanger the rent of the landlord? And that question was fairly submitted by instructions for both parties which were entirely unobjectionable. (Morris v. Hammerle, 40 Mo. 489; Kinear v. Shands, 36 Mo. 379; Kleun v. Vinyard, 38 Mo. 447.)

Judgment affirmed. The other judges concur.