JASON CHAMBERLAIN, Appellant, v. JESSE F. HEARD ET AL., Respondents.

*Kansas City Court of Appeals, May 24, 1886.*

LANDLORD AND TENANT—ATTACHMENT FOR RENT—CONSTRUCTION OF SECTIONS 3091, 3083, REVISED STATUTES.—Where property was attached by a landlord for rents due and unpaid, but for a period less than eight months since becoming due, upon which the landlord was entitled to a *lien* for his rent, under the provisions of section 3083, Revised Statutes. *Held*, that under section 3091, Revised Statutes, the landlord is authorized to enforce his lien, established by section 3083, Revised Statutes, by reason of the fact alone that the *rent is due and unpaid*, by complying with the requisitions of the statute as to *affidavit, etc.*

APPEAL from Pettis Circuit Court, HON. JOHN P. STROTHER, Judge.

*Reversed and remanded.*

Statement of case by the court.

This action was instituted on February 27, 1883, in the circuit court of Pettis county, on a promissory note given

by the defendants for a certain farm leased to them by the plaintiff. The lease was made on February 28, 1882, and was to terminate on March 1, 1883. The note became due January 1, 1883. An order of attachment was issued the day on which the suit was begun, on the proper bond, and an affidavit of plaintiff, which averred, among other things, that the note was given for the rent of the farm; that it was due and unpaid; that eight months had not elapsed since the said rent became due, and that the plaintiff believed that unless an attachment issued he would lose his rent.

The writ of attachment was issued at once, and was levied immediately on a quantity of corn grown on the leased farm, during the term, and still there. The defendants filed a plea in abatement.

J. BRUMBACK, GEO. P. B. JACKSON, and H. C. SINNETT, for the appellant.

I. Plaintiff was entitled to an attachment on the ground that the rent was due and unpaid, when he made *affidavit* of that fact, and that he believed he would lose his rent, unless an attachment issued, and gave bond according to section 3091, Revised Statutes. Session Laws, 1877, p. 285, sect. 2; Rev. Stat., sect. 398; *Bullene v. Smith*, 73 Mo. 151; Taylor's Landlord & Tenant (4 Ed.) sects. 556-614; *Evans v. Voght*, 8 Mo. App. 576; *Atkins v. Byrnes*, 71 Ill. 326.

II. The court erred in allowing defendants to testify, over the objection of plaintiff, what *intention* they had. *Dulaney v. Rogers*, 64 Mo. 201.

III. The court erred in overruling motion for new trial and in giving judgment abating the attachment, because the finding was manifestly against the proofs. The evidence showed defendants were trying to dispose of the crop, which was the only security the plaintiff had, under section 3083, Revised Statutes.

IV. The instructions given for defendants confused

and misled the jury. The plaintiff had a lien under the statute, and the law contemplates that there must *remain on the premises* property undisposed of sufficient to pay the rent.

V. The court erred in overruling the motion for judgment for plaintiff on the first plea in abatement, because the plea admitted all the facts entitling plaintiff to an attachment.

Heard & Hoffman and Wm. S. Shirk, for the respondent.

I. The real and true ground of attachment in this case, as appears by the affidavit, is, removal and disposal of the crop. That the "rent was due and unpaid" was merely incidental.

II. It is not a sufficient ground for attachment, under section 3091, Revised Statutes, *that a tenant failed to pay his rent on the day it became due.* There must be some other act or conduct on the part of the tenant, specified in said section, which justifies his belief that unless an attachment issue, he will lose his rent, and he must *prove* these issues on the trial. The remedy is harsh, and will be strictly construed. Waples on Attach. 26, 108.: Drake on Attach., sect. 408 ; *Chenault v. Chapron,* 5 Mo. 438 ; *Temple v. Cochran,* 13 Mo. 116. Distress for rent does not obtain in this state. *Crocker v. Mann,* 3 Mo. 472.

III. It was not error to allow defendants to testify what their *intention* was as to disposing of the property. The *intent* was one of the grounds of attachment in plaintiff's affidavit. Drake on Attach., sect. 409.

IV. This court will not disturb a verdict on the ground that it is against the weight of evidence. The instructions given for defendants neither misled the jury nor confused them. And there was no error in overruling plaintiff's motion for judgment. It was overruled, because defendants filed an amended plea in abatement. *Meier v. Thomas,* 5 Mo. App. 584.

HALL, J.—The fact that the rent was due and unpaid was clearly averred in the affidavit as ground of attachment.

The question in this case turns upon the construction of section 3091, Revised Statutes, which is as follows: "When any person, who shall be liable to pay rent, whether the same is due or not, or whether the same be payable in money or other things, if the rent be due within one year thereafter, intends to remove, or is removing, or has within thirty days removed his property from the leased premises (or shall in any manner dispose of such crop, or attempt to dispose of the same, so as to endanger, hinder, or delay the landlord from the collection of his rent, *or when the rent is due and unpaid*), the person to whom the rent is owing, may, before a justice of the peace, or the clerk of a court of record, having jurisdiction of actions by attachment in ordinary cases, of the county in which the premises lie, make affidavit of one or more of the facts aforesaid, and that he believes, unless an attachment issue, he will lose his rent, whereupon such officer shall issue an attachment for the rent   *   *   *"

That section of the statute is to be construed in connection with section 3083, which provides as follows: "Every landlord shall have a lien upon the crops grown on the demised premises in any year, for the rent that shall accrue for that year, and such lien shall continue for eight months after such rent shall become due and payable, and no longer. When the demised premises, or any portion thereof are used for the purpose of growing nursery stock, a lien shall exist and continue on such stock until the same shall have been removed from the premises and sold, and such lien may be enforced by attachment in the manner hereinafter mentioned."

By section 3083 the plaintiff, as the landlord of the leased premises, had a lien upon the crop grown thereon

during the year of the lease for the rent, and the lien continued for eight months after the rent note became due. *Haseltine v. Asherman,* Sup. Ct. of Mo. not yet reported. By section 3091 the manner of enforcing such lien is provided. (Same case.)

In the case at bar, the property attached was property upon which the landlord's lien was, and what we shall say in this opinion, will be said with reference to that fact, without an intention to intimate at all whether we should or should not hold the same way had property been attached on which there was no such lien. We desire to be understood as simply deciding the question presented by the facts of this case.

Is a landlord authorized, by section 3091, to enforce his lien, established by section 3083, by reason of the fact that the rent is due and unpaid, without more ?

By section 3091, the landlord must, in order to obtain an attachment, make an affidavit "that he believes, unless an attachment issue, he will lose his rent." Is the fact thus stated by the landlord an issuable fact ? The counsel for the defendants contend that the belief of the landlord is not an issuable fact, but that the fact that the landlord would have lost the rent unless the attachment had issued, is an issuable fact. Whether the rent be due or not, if it will be due in one year thereafter, the landlord is entitled to an attachment to enforce his lien, if the tenant "intends to remove, or is removing, or has, within thirty days, removed his property from the leased premises, or shall in any manner dispose of such crop, or attempt to dispose of the same, so as to endanger, hinder, or delay the landlord from the collection of his rent." If the rent be due the landlord upon any one of such facts is entitled to an attachment, if by such fact he is hindered or delayed in the collection of his rent. It is not necessary that the landlord should be in danger of losing his rent. Still, in order for the landlord to obtain an attachment upon any of such facts, he would have to make the affidavit as to his belief mentioned

above. The affidavit in such cases would not present an issuable fact. The belief of the landlord would not be an issuable fact. The danger of the landlord losing his rent would not be made an issuable fact by such affidavit, because the landlord would be entitled to an attachment if he should be only hindered or delayed in the collection of the rent.

Again, in order for a landlord to obtain an attachment upon the aforesaid facts, it is necessary for him to make an affidavit of one or more of such facts. The landlord must make affidavit of such facts, as they are set out in the statute. For instance, the first of said facts is, that the tenant "intends to remove  *  *  *  his property from the leased premises  *  *  *  so as to endanger, hinder, or delay the landlord from the collection of his rent."

The tenant's intention to remove his property from the leased premises must be such as to "endanger, hinder, or delay the landlord from the collection of his rent," and of that fact the landlord must make affidavit, when it is relied on by him as a ground of attachment. In such case the danger of the landlord losing his rent is put in issue by the landlord's affidavit, but by another part of such affidavit from the part in which he avers his belief. In such case, the affidavit is in two parts. The first part avers the fact of the intention of the tenant to remove his property, etc., so as to endanger, hinder, or delay, etc. The second part avers the landlord's belief that unless the attachment issue he will lose his rent. By the first part of the affidavit, the landlord's danger of losing his rent is put in issue, as we have just said. By the second part of the affidavit no such issue is presented. The issue was already made by the preceding part of the affidavit in connection with other issues. To hold that the second part of the affidavit, not only puts such fact in issue, but makes the landlord's right to an attachment depend upon that single issue, is unreasonable. Such clearly is not the meaning of the statute.

The second part of the affidavit is a jurisdictional act and must be made before the issue of the attachment, but it need not be proved.

Following such facts in the statute is another fact, stated as a ground of attachment, which is, "or when the rent is due and unpaid." What is the meaning of those words? They do not mean that the fact that the rent is due and unpaid, in connection with one or more of the other facts, gives the landlord the right to enforce his lien by an attachment, because the provisions preceding those words, as we have seen, give the landlord such right. Those words can have only one meaning, and that is, that when the rent is due and unpaid, the landlord, on that ground, without more, may enforce his lien.

When the fact that the rent is due and unpaid is a ground of the attachment, the landlord must make affidavit of that fact, and, also, that he believes, unless an attachment issue, he will lose his rent. But the part of his affidavit as to his belief must be made for the same purpose and none other than that for which it must be made when any other fact named in the statute is the ground of the attachment. As we have seen, that part of the affidavit presents no issuable fact when any other fact is the ground of the attachment, so does it present no issuable fact when the ground of the attachment is that the rent is due and unpaid. So much for sections 3083 and 3091 as original acts. They are not, however, original acts. As they now appear in the Revised Statutes, they are amendments of sections eighteen and twenty-six, of chapter one hundred and eighty-nine, of Revis deStatutes of 1865. Old section eighteen has been amended, by section 3083, by the addition of all that follows the words, "and such lien shall continue for eight months after such rent shall become due and payable, and no longer," in said section. Old section twenty-six has been amended, by section 3091, by the insertion of all that appears in said section between the words, "from

the leased premises," and the words, "person to whom the rent is owing." The amendments are indicated by the brackets used in sections 3083 and 3091, as heretofore copied in this opinion.

The counsel for defendants contend that sections 3083 and 3091, as such amendments, should not be construed as we have herein construed them. This contention is based upon certain decisions of the supreme court of this state, construing the old statute and the supposed intention of the legislature, in the light of such decisions, in making the amendments.

The counsel for defendants take the position, that prior to the amendment of the old statute, if the landlord had a lien on a crop he could not attach it, and that, therefore, in section 3091, the words, "or when the rent is due and unpaid," were inserted in order to clearly indicate that the crop can be attached when the rent is due and unpaid. In *Price v. Roettell's Adm'r* (56 Mo. 500), cited by counsel, it was not decided that, "if the landlord had a lien on the crop, he could not attach it." It was decided, in that case, that, under the old statute, a landlord could not enforce his lien by attachment; that the attachment was a remedy "to secure the rent from property on the place on which there is no lien." Conceding, however, that the decisions went to the extent claimed by counsel, which we do not believe (*Hubbard v. Mass*, 65 Mo. 547), still, the ground of the decision was the fact that the lien established by old section eighteen was not enforceable by the attachment provided by old section twenty-six. The insertion in section 3091 of the words, "or when the rent is due and unpaid," was not made for the purpose contended for by counsel, because, by the amendment contained in section 3083 it is in express terms provided that the lien therein mentioned "may be enforced by attachment in the manner hereinafter mentioned."

The counsel for defendant in support of their contention that the landlord must prove that he would have

lost his rent had not the attachment issued, have cited decisions of the supreme court of this state, rendered prior to the amendment of the old statute. *Kennear v. Shands*, 36 Mo. 381 ; *Morris v. Hammerle*, 40 Mo. 489 ; *Gillian v. Ball et al.*, 49 Mo. 249. And they argue that those decisions rested upon the requirement, by the old statute, that the landlord should make affidavit of his belief that he would lose his rent unless the attachment issue.

In the cases cited it was held that unless the loss of the rent by the landlord was endangered by the removal of the tenant's property, the removal was not of such a character as to entitle the landlord to an attachment. The particular words of the statute, evidencing the intent to be such as the court held it to be, are not stated in the reports of the cases. The court held that such was the intent of the statute gathered from its entire language. We think that the opinion of the court was based, not upon the requirement by the statute of the affidavit on the part of the landlord, but upon the words, "intends to remove, or is removing, or has, within thirty days, removed his property from the leased premises." A removal of a small portion of the tenant's property from the leased premises, the property remaining on the premises being sufficient to secure the payment of the rent, was held not to be ground for an attachment under the statute. This, we think, the court held because the removal, under such circumstances, did not constitute a *removal* of the tenant's *property*, within the meaning of the statute.

But whether we are correct in our view of those cases or not, we are satisfied that no other construction than the construction we have placed upon sections 308 3 and 3091, as they now are in the Revised Statutes, can be made. A lien upon the crop, grown upon the leased premises, for eight months after the rent is due, is given by section 3083. The manner of enforcing the lien is provided by section 3091. When the rent is due and unpaid, that, without more, authorizes the landlord

to enforce the lien by attachment in the manner provided by the last named section.

Proof of the fact that the rent was due and unpaid was sufficient to support the attachment against the crop attached in this case, and to defeat the plea in abatement.

The court tried the case contrary to the views herein expressed.

The judgment is reversed and the cause remanded. All concur.