## GARROUTTE v. WHITE, *Appellant.*

1. **Attachment for Rent**: STATUTES. The proceedings by attachment for rent, under Revised Statutes, sections 3083, 3091, and 3093, were intended to be a provision for the enforcement of the landlord's lien on the crop grown on the demised premises for the rent of the year in which the crop is grown.

2. ———: PARTY. Said proceeding can be maintained by the landlord not only against his immediate lessee, but also against the tenant of such lessee, provided the rent accrued during such lessee's term.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

AFFIRMED.

*O. H. Travers* for appellant.

(1) The relation of landlord and tenant did not exist between the father and son, and plaintiff, therefore, cannot maintain this action. There was no express tenancy. (2) Nor was there an implied tenancy. The payment of rent does not of itself constitute a tenancy, nor is the receipt of rent anything more than a *prima facie* acknowledgment of tenancy. Taylor on Land. and Ten., sec. 23. And the party paying is always at liberty to explain how, why, and in what capacity he pays. *Doe v. Francis*, 2 M. and Rob. 57. And to constitute a tenancy the payment of rent must be made by the party in the capacity of tenant. *Strahan v. Smith*, 4 Bing. 91. (3) The defendant disclaimed a tenancy all the time. The lease being for a period of less than two years could not be assigned without the written assent of plaintiff. 1 R. S., sec. 3075. Respondent's only remedy against appellant is under Revised Statutes, section 3076. This written assent was not given. Taylor

on Land. and Ten., sec. 178. (4) There is nothing in the evidence to show that plaintiff was in danger of losing his rent, and before the action of attachment can be maintained for rent the landlord must be exposed to the danger of losing his rent. *Kleun v. Vinyard*, 38 Mo. 447; *Morris v. Hammerle*, 40 Mo. 489. (5) The court erred in giving the instructions for plaintiff.

*W. O. Hubbard* for respondent.

BRACE, J.—This is a suit by attachment for rent, commenced before a justice of the peace. The defendant pleaded in abatement to the affidavit filed for an attachment, and the jury found for plaintiff on the issues joined by the plea; the defendant refusing to further plead, the cause was tried by the court and judgment rendered for the plaintiff.

There was no conflict in the evidence in regard to any of the material facts, which were substantially as follows: Six or seven years before this suit was commenced, the plaintiff by oral agreement rented a farm to John W. White, the father of the defendant, for one-third of the crop to be raised each year on the premises. John W. White had several grown sons living with him on the farm, among them the defendant, each of whom he every year permitted to cultivate for himself portions of the said farm, requiring them only to deliver to the plaintiff such portions of the crop they should raise thereon as would be coming to the plaintiff under his contract with him, being the same as he himself paid as rental under the agreement. Under this arrangement, the defendant and his brother for some years cultivated different portions of the farm, delivering to the plaintiff each year his share of the crop raised under said agreement. In September, 1882, the defendant put in a crop of wheat on thirty-seven acres of the farm which he had previously cultivated, and during the

ensuing seasons cultivated other portions of the farm in corn and oats. On the fifteenth day of December, 1882, plaintiff and John W. White made the following written agreement:

"Article of agreement made and entered into between Wm. B. Garroutte of the first part, and J. W. White of the second part, witnesseth : That the party of the second part agrees to deliver to the party of the first part full and peaceable possession of his farm, without law, to the party of the first part, on the first day of August, 1883, situate on sections 5, 8, 9, township 28, range 24, in Greene county, Missouri ; and that the party of the second part agrees to pay one-third of the grain raised on the land in cultivation, and he further agrees to put all the broke land in small grain, and stack one-third of the wheat on said land, and feed the straw out on said land, without any danger to the growing crops by stock in the enclosures, and further agrees to cut no growing timber. Given under our hands this fifteenth day of December, 1882."

Plaintiff testified that his object in making this agreement was to get possession of the farm, and he thought he could do so only by making an agreement with John W. White ; he did not make the agreement with the defendant because he did not think he was the proper party to make it with, and that this contract embodied all the terms of the oral agreement that had been existing for six or seven years between John W. White and himself, and applied to all the land he had rented him, including the land cultivated by the defendant, and the wheat land for the rent of which this suit by attachment is brought. In August, 1883, John W. White and his family, including the defendant, who continued a single man, residing with his father, removed with their property from the premises. The defendant having delivered to the plaintiff a third of the oats and corn which the defendant raised upon the

premises, moved the wheat from the land on which it was raised, and stacked it on a tract of land he had purchased, and afterwards, and within thirty days after such removal by defendant, on the twenty-seventh day of August, 1883, the plaintiff instituted suit against the defendant, and caused the attachment to be levied upon the wheat.

It is contended for the appellant that this action cannot be maintained, for the reason that the defendant was the tenant of his father and not of the plaintiff. The action is a statutory one, and the contention can be determined by simply setting out, in consecutive order, the statutory provisions regulating it, and applicable to the case. Section 3083, Revised Statutes, 1879, provides that "Every landlord shall have a lien upon the crop grown upon the demised premises in any year, for the rent that shall accrue for such year, * * * and such lien may be enforced by attachment in the manner hereinafter provided." Section 3091 provides that, "When any person who shall be liable to pay rent, whether the same is due or not, or whether the same be payable in money or other things, if the rent be due within one year thereafter * * * has, within thirty days, removed his property from the leased premises, or shall, in any manner, dispose of such crop, or attempt to dispose of the same, so as to endanger, hinder, or delay the landlord from the collection of his rent, * * * the person to whom the rent is owing may have a writ of attachment for the rent against the personal property, including the crops grown on the demised premises of the person liable for the same." Section 3093 provides that, "Any person to whom rent is due, whether he have the reversion or not, * * * may recover such rent," as provided in the preceding section; and section 3095 provides, "Rent may be recovered from the lessee, or the person owing it, or his assignee, or under-tenant * * * by the same reme-

Garroutte v. White.

dies given in the preceding sections; but no assignee or under-tenant shall be liable for rent which became due before his interest began.''

Considering these several sections, treating of the same subject matter, together, we are of the opinion that the proceeding by attachment for rent, under said sections, was intended to be a provision for the enforcement of the landlord's lien on the crop grown on the demised premises, for the rent of the year in which such crop was grown, and that such proceeding can be maintained by the landlord not only against his immediate lessee, but also against the tenant of such lessee, provided the rent accrued during the term of such lessee, and in this case the plaintiff, having a lien on the wheat grown by the defendant, on the premises of the plaintiff, for rent thereof, accruing during the term of the defendant, could proceed against him to enforce such lien and to recover the rent due him for the premises upon which such wheat was grown, whether, under the facts of the case, the defendant be regarded as the tenant of the plaintiff, or as the tenant of his father, the plaintiff's lessee, provided he had good grounds for an attachment under the act.

The plaintiff, in his affidavit, set out two causes for an attachment: (1) That defendant, within thirty days next before the commencement of this action, did remove his property from the rented premises. (2) That the defendant did attempt to dispose of the crop so as to endanger, hinder, and delay plaintiff in the collection of his rent. The defendant, by his plea, joined issues on the causes assigned, and both issues were found by the jury for the plaintiff. Each cause is, by the statute, made an independent and substantive ground for attachment, and either was sufficient to sustain the writ. The uncontradicted evidence was that the defendant had removed all of his property from the premises, as

charged in the affidavit, and the verdict must have been for the plaintiff upon the issue joined on that ground of the attachment, even though the other might not have been sustained by the evidence.

We find no error in the instructions given that could have affected the verdict, and no error in the refusal of the court to give the instructions asked for by the defendant.

The judgment is affirmed. All concur.