IRA S. HASELTINE, Appellant, v. SAMUEL AUSHERMAN, Respondent.

St. Louis Court of Appeals, February 28, 1888.

1. ATTACHMENT—PLEA IN ABATEMENT.—A plea in attachment proceedings which purports to be a plea in abatement, and which is no more than a literal traverse of the allegations in the affidavit, is not to be treated as a plea to the merits of the action, or as waiving the plea in abatement.

2. PRACTICE—MATTER OF EXCEPTION NOT CONSIDERED, WHEN.—Matter of exception will not be considered on appeal, if it was not presented below, either in the motion for judgment, or in the motion for a new trial.

3. ——— FORMER DECISION IN THE SAME CAUSE.—Where the Supreme Court has decided that the plaintiff was not entitled to judgment upon the pleadings, he cannot be heard to demand judgment on the same or a similar state of the pleadings at a subsequent hearing of the same cause.

4. —— OBJECTIONS TO EVIDENCE.—A complaint of illegality in evidence admitted will not be considered when it appears that all the evidence offered was received without objection from either party.

5. ATTACHMENT FOR RENT — REMOVAL OF CROP.—The object of the statute is to give to the landlord a lien upon the entire crop for the collection of his rent; and the tenant will not be liable to attachment absolutely for the removal of any part of the crop, but only for such a removal as may endanger or hinder the landlord in his collection of the rent.

APPEAL from the Webster Circuit Court, HON. W. I. WALLACE, Judge.

*Affirmed.*

HASELTINE BROTHERS & THRASHER, for the appellant: "The answer of defendant in a suit by attachment, containing matters of defence to the action, as well as denial of the truth of the facts stated in the affidavit, must be construed as an answer in bar, and thereby precludes the party from trying the issue tendered in abatement." *Cannon v. McManus*, 17 Mo. 345; *Fordyce v. Hathorn*, 57 Mo. 120; *Hatry v. Sherman*, 13 Mo. 547. The pretended plea in abatement does not deny the allegation of the affidavit to the fact that the rent is due and unpaid, which was a cause of itself for attachment. *Chamberlain v. Heard*, 22 Mo. App. 416; Rev. Stat., sec. 3091. And it, therefore, stands confessed as true, and entitled plaintiff, on the pleading and record, to judgment. Rev. Stat., sec. 3545; *Henry v. Rice*, 18 Mo. App. 508; *Byington v. Hogan*, 58 Mo. 509; *Bartholow v. Campbell*, 56 Mo. 117. A motion for judgment on the pleadings has the effect of a demurrer. *Livingood v. Show*, 10 Mo. 276. The court erred in giving the instructions asked by the respondent. *Chamberlain v. Heard*, 22 Mo. App. 416. The court erred in giving instructions of its own motion. Rev. Stat., secs. 3083, 3091; 22 Mo. App. 416. This attachment was only on the crop grown on the demised premises, and defendant could not remove any of it without paying the rent therefor. *McLean v. McLean*,

10 Bush [Ky.] 168; 22 Mo. App. 416. Plaintiff was entitled to judgment on the attachment on the face of the affidavit and amended plea in abatement, without any evidence. Rev. Stat., secs. 3545, 3083, 3091. Evidence must correspond with the allegations, and be confined to the points in issue. *Haseltine v. Ausherman*, 87 Mo. 410; *State v. Roberts*, 62 Mo. 390; *Khen v. Vineyard*, 38 Mo. 447; *Eddy v. Baldwin*, 32 Mo. 363; *Currie v. Lowe*, 32 Mo. 203; *Bruce v. Sims*, 34 Mo. 246. It was the legal duty of defendant to tender the rent to plaintiff instead of denying it, and on this state of facts the attachment would lie. *Fordyce v. Hathorn*, 57 Mo. 120; *Foylor v. Meyer*, 34 Mo. 81.

R. W. FYAN, GOODE & CRAVENS, and MASSEY & McAFEE, for the respondent: When a case has been tried, and reversed and remanded for a new trial, and upon a new trial it is tried according to the mandate of the appellate court, it certainly ought to be affirmed upon a second appeal. *Bank v. Taylor*, 62 Mo. 328; *Chamber's Adm'r v. Smith's Adm'r*, 30 Mo. 156; *Overall, Adm'r, v. Ellis*, 38 Mo. 209. The affidavit does not authorize an attachment at all. There is no averment in the affidavit, as required by the statute, that plaintiff "believes unless an attachment issue he will lose his rent." *Chamberlain v. Heard*, 22 Mo. App. 422. Appellant makes a point here, but did not before make it in the court below, to-wit, that, as the affidavit alleges that the "rent is due and unpaid," and that allegation is not denied, plaintiff is entitled to judgment. The court never passed upon it, never was called upon to pass upon it, and its attention was never called to the point by motion for new trial or otherwise, and it is too late to raise it here. *Putnam v. Railroad*, 22 Mo. App. 589; *Fox v. Young*, 22 Mo. App. 388; *Lancaster, Adm'r, v. Insurance Co.*, 62 Mo. 121; *State ex rel. v. Rucker*, 59 Mo. ——; *Wolff v. Walter*, 56 Mo. 292; *Gorman, Adm'r, v. Aust*, 55 Mo. 163; *Curtis v. Curtis*, 54 Mo. 351; *Carver v. Thornhill*, 53 Mo. 283.

ROMBAUER, J., delivered the opinion of the court.

This appeal is taken from a judgment in favor of defendant on a plea in abatement in an attachment suit. The affidavit upon which the attachment issued is properly sworn to, and is in words and figures as follows:

"Now at this day comes Ira S. Haseltine, and being duly sworn, deposes and says, that the above-named Ausherman, as the tenant of himself, occupied and rented for the year 1880, a portion of the northeast quarter of section 24, township 29, range 23, Greene county, Missouri, amounting to sixty or seventy acres, more or less, which was cultivated by him in corn, for the use of which he was to pay the one-third of the crop grown thereon, amounting to something like twenty-eight hundred bushels, the one-third thereof, amounting to nine hundred and thirty-three bushels, is now due and owing plaintiff, and, if not delivered, is worth two hundred and thirty-three and twenty-two one-hundredths dollars.

"That said Ausherman refuses to pay said rent, and intends to remove, and is now removing, his property, including the said crop of corn, from the leased premises, and is disposing of the same so as to endanger, hinder, and delay affiant from collecting his rent.

"IRA S. HASELTINE."

The amended plea in abatement is verified by E. C. Powell as agent for defendant, and is in the following words:

"Comes defendant, and for amended plea in abatement to the writ in attachment in the above-entitled cause says: It is not true, as alleged by the plaintiff in his petition and affidavit for attachment, that defendant, as tenant of said plaintiff, Haseltine, occupied and rented for the year 1880, a portion, or any portion of the northeast quarter of section 24, township 29, range 27, Greene county, Missouri, amounting to sixty

or seventy acres ; says it is not true, as alleged by said plaintiff, Haseltine, that said defendant was, during the year 1880, or at any part of said year, or at any other time, the tenant of said Haseltine, of said premises described in said affidavit or petition, or any part thereof; says it is not true, as alleged by the said plaintiff in his petition and affidavit for attachment, that defendant was, at the date of plaintiff's said affidavit, or at any time, removing his (defendant's) property, including the said crop of corn, from said alleged and supposed leased premises, or that defendant is or was disposing of the same so as to endanger, hinder, or delay the plaintiff from collecting his alleged rent.

"GOODE, MCAFEE & MASSEY, and R. W. FYAN,
"for defendant."

Upon such plea being filed the plaintiff moved the court to render judgment in his favor sustaining the attachment, assigning as ground that the defendant having first filed a plea in abatement, and having subsequently filed the plea hereinabove recited, by such second plea (which plaintiff averred to be a plea to the merits) waived all objections to the attachment. This motion the court overruled, the defendant excepting. This exception is the first one presented for our consideration.

It is settled in this state by repeated adjudications that a defendant in attachment waives his plea in abatement by pleading to the merits. *Hatry v. Shuman*, 13 Mo. 548; *Green v. Craig*, 47 Mo. 92. The rule is the same whether the matter in bar is set up in the same pleading containing the matter in abatement, or in a separate answer. *Cannon v. McManus*, 17 Mo. 346; *Fordyce v. Hathorn*, 57 Mo. 120. But where a plea purports to be a plea in abatement, and is no more than a literal traverse of the allegations of the affidavit, and thus a literal compliance with the provisions of section 438 of the Revised Statutes, it cannot well be considered a plea in bar. *Sharkey v. Williams*, 20 Mo. App. 681, 683; *Rees v. Augustine*, 24 Mo. App. 673. Testing the

plea filed herein by this rule we must conclude that the court committed no error in treating 'the amended plea as a plea in abatement and overruling plaintiff's motion for judgment.

It is urged that plaintiff was entitled to judgment for the further reason that the allegation in his affidavit, to the effect that the rent was "then due and owing plaintiff," furnishes an independent ground of attachment, and is not denied. Rev. Stat., sec. 3091; *Chamberlain v. Heard*, 22 Mo. App. 416. This point was not distinctly made either by plaintiff's motion for judgment or by his motion for new trial in the lower court, and could not be considered here if it is ground of exception merely. *Carver v. Thornhill*, 53 Mo. 283; *Curtis v. Curtis*, 54 Mo. 351. If, on the other hand, it is error arising on the record, as distinguished from matters of exception, then plaintiff is precluded by the judgment of the Supreme Court when this case was last before it. 87 Mo. 410. The plaintiff's affidavit that the rent was due and unpaid was not denied by the first plea in abatement, even inferentially, yet the Supreme Court remanded the cause for new trial, thus impliedly deciding that the plaintiff was not entitled to judgment upon the pleadings. We must, therefore, conclude that this complaint of plaintiff's is likewise unfounded, since under the practice in this state questions decided upon a former appeal become the law of the particular case and will not be reëxamined. *Grumley v. Webb*, 48 Mo. 563; *Metropolitan Bank v. Taylor*, 62 Mo. 338; *Chouteau v. Gibson*, 76 Mo. 38; *Forrester v. Railroad*, 26 Mo. App. 125.

Complaint is made here that the court admitted illegal evidence. It will suffice to say that no such complaint is made in the motion for new trial, and that an examination of the record discloses the fact that all the evidence offered was received without objection by either party.

The court, upon plaintiff's request, instructed the jury as follows:

"4. The court instructs the jury, that if the jury find from the evidence that the defendant, at the time of the commencement of this suit, was removing the crop of corn in question from the premises where grown, and intended to remove all the crop from said premises, they will find the issues for the plaintiff, Haseltine."

"5. That if the jury find, from the evidence, that defendant, Ausherman, at the time of the commencement of this suit, was removing, or had, within thirty days before that time, removed from the premises where grown, any portion of the crop of corn in question, or in any manner disposed of the same, the jury will find the issues for the plaintiff, Haseltine, unless they shall further find that such removal or disposal of said crop was such as not in any degree to endanger, hinder, or delay the plaintiff in the collection of his rent."

And gave, upon the defendant's request and upon its own motion, the following instructions :

"1. The court instructs the jury that it is not required that defendant shall not remove any portion of the crop, but only that he shall not remove or dispose of it so as to endanger or hinder the landlord's collection of his rent."

"2. Although you may find, from the evidence, that defendant did remove from the premises and dispose of a portion of the crop, yet, unless you further find, from the evidence, that such removal and disposal of such part endangered, hindered, or delayed plaintiff in the collection of his rent, you will find the issues for defendant, unless you further find from the evidence defendant intended to remove or dispose of a further portion of such crop so as to hinder, delay, or endanger plaintiff in the collection of his rent."

"3. The court instructs the jury that the plaintiff, Haseltine, has a lien on the entire crop of corn in question, and if you find from the evidence that defendant, Ausherman, had, within thirty days previous to the attachment, removed, or was at the time of the attachment removing, the crop of corn in question, or any

part of it, without paying rent, you will find for the plaintiff, Haseltine, unless you further find that such removal did not, in any way, hinder or delay the plaintiff in the collection of his rent.''

The court refused the following instructions asked by the plaintiff:

'' 6. The court instructs the jury that the plaintiff, Haseltine, has a lien on the entire crop of corn in question, and if you find from the evidence that the defendant, Ausherman, had, within thirty days previous to the attachment, removed, or was at the time of the attachment removing, the crop of corn in question, or any part of it, without paying the rent, you will find for the plaintiff, Haseltine.''

''7. The court instructs the jury that plaintiff, Haseltine, has a lien on the entire crop of corn in question, and if you find from the evidence that defendant, Ausherman, commenced to remove the crop, taking it clean as he went, and had gathered twenty-five acres or more, without delivering the rent, you will find for the plaintiff, Haseltine.''

This action of the court, in giving and refusing instructions, is also assigned for error.

The Supreme Court, when the case was last before it (87 Mo. 413), in construing sections 3083 and 3091 of the Revised Statutes, said:

'' It is not the sense of the statute that the tenant shall not remove any portion of the crop, but only that he shall not remove or dispose of it so as to endanger or hinder the landlord's collection of the rent. This is a question for the jury, but it is not to be determined with reference to any property the tenant may have elsewhere. The landlord's lien is upon the entire crop grown on the premises, and it is this lien which the statute was designed to protect.''

The instructions given by the court are in substantial compliance with the views of the Supreme Court

thus expressed, and the plaintiff's exceptions to the court's action are, therefore, untenable.

Judgment affirmed.    Judge Thompson concurs; Judge Lewis is absent.