E. A. SCULLY, Appellant, v. JOSIAH COX, Respondent.

Kansas City Court of Appeals, May 16, 1898.

Attachment: LANDLORD AND TENANT: AMENDED AFFIDAVIT: PRACTICE: WAIVER. In an action for rent plaintiff's affidavit for attachment was confined to grounds in the attachment act. He offered to amend by setting up fraudulent conveyance, which was refused. He then went to trial on the plea in abatement to the first affidavit. *Held*, he waived his right to a trial on the amended affidavit.

*Appeal from the Bates Circuit Court.*—HON. J. H. LAY, Judge.

AFFIRMED.

THOMAS J. SMITH for appellant.

(1)   Plaintiff's action being a civil action, he was entitled upon the affidavit tendered to a writ of attachment against all the property of defendant, whether real or personal.   R. S. 1889, sec. 521, p. 217; Crocker v. Mann, 3 Mo. 472.   (2) Conceding the first affidavit as not sufficient to justify the issuing of the writ of attachment, or any writ of attachment, still the affidavit tendered, being clearly sufficient, the attachment should not have. been dissolved by the court.   R. S. 1889, sec. 568, p. 228; Musgrove v. Mott, 90 Mo. 107; Burnett v. McCluey, 92 Mo. 230; 2 R. S. 1889, sec. 6385, p. 1506; Norton v. Fluke, 36 Mo. App. 698; Audenreid v. Hull, 45 Mo. App. 202.

J. S. FRANCISCO for respondent.

(1)   Under the landlord and tenant act, Revised Statutes 1889, section 6384, the landlord may attach when "rent is due and unpaid, after demand thereof" and in express terms the statute confines the levy of the writ of attachment to the personal property of the defendant "including the crops grown on the leased premises."   R. S. 1889, sec. 6384.   (2) If there was any error in the court's ruling in refusing to let the plaintiff file his rejected affidavit, that error can not be reviewed on this appeal, because the plaintiff waived her objection by going to trial on the affidavit as it stood after such ruling.

GILL, J.—Plaintiff sued the defendant in the circuit court for rent; and in aid thereof filed an affidavit

STATEMENT.    for attachment, under the landlord and tenant statute, setting out, as the sole ground for attachment, that the amount of the rent

(on certain land, describing it) was due. This affidavit was clearly defective in that it failed to charge that the rent had been *demanded,* as required by section 6384 of the Revised Statutes. The clerk, however, issued an attachment writ commanding the sheriff to levy on any property of the defendant including his *lands,* tenements, etc.; and the sheriff did levy on certain lands of the defendant and on nothing else.

Thereupon defendant appeared in court and filed his motion to quash the writ because issued without authority of law. Before this motion was disposed of plaintiff amended her affidavit by adding thereto that the rent had been demanded. Defendant's motion to quash the writ was then overruled; but he at once filed another motion to quash the levy of the writ of attachment, alleging as ground therefor, that there was "no authority of law for attaching real estate in an action of this kind." Pending this last motion plaintiff asked leave to file another and second amended affidavit for attachment, which included not only the ground of rent due and payment thereof demanded, as in the first amended affidavit, but also other grounds, such as fraudulent conveyance of property, etc., found in the general attachment law. On defendant's objection the court excluded this last affidavit. The court then sustained defendant's motion to quash the levy of the original writ; and at once ordered the issue of another attachment writ, limiting the seizure thereunder to the defendant's personal property and crops grown on the rented premises, as provided in the landlord and tenants statute. Sec. 6384.

The record shows that notwithstanding the court's action in excluding said second amended affidavit the plaintiff proceeded to trial on the plea in abatement to her first amended affidavit and moreover was successful, the attachment was sustained, and after final

judgment on the merits (likewise in her favor) said plaintiff has appealed.

To reverse the judgment and remand the cause for new trial, plaintiff relies on the alleged error of the trial court in refusing to allow her to file her second amended affidavit for attachment. We find it unnecessary to pass on this assignment of error, since the plaintiff has, by going to trial on her first amended affidavit, waived her objection to the court's ruling as to the last. The plaintiff, by offering to file her last affidavit, in effect abandoned the former, or first amended affidavit; but when the court excluded her second amended affidavit the plaintiff again took up the former affidavit and the issues made by the plea in abatement, went to trial thereon and secured judgment in her favor. Under these circumstances plaintiff must be deemed as waiving all objections to the court's ruling in excluding the last pleading. If plaintiff desired to contest her right to the last pleading she ought to have abandoned altogether the first amended affidavit and stood on the last. Plaintiff was entitled to one trial on one affidavit, but not to two trials on two separate pleadings. She had an option, under the circumstances, of standing on her claim to the last pleading, or submitting to the court's ruling and trying the attachment issue made on the former affidavit. She chose the latter and must now abide the result.

Judgment affirmed. All concur.

ATTACHMENT: landlord and tenant: amended affidavit: practice: waiver.