# J. J. WILLIAMSON, Appellant, v. WM. ADKINS, Respondent.

Springfield Court of Appeals, January 18, 1919.

1. **LANDLORD AND TENANT:** Attachment for Rent: Affidavit. In a suit by attachment under Landlord and Tenant Act (R. S. 1909, sec. 7896) it is not necessary that the affidavit setting up the first, second and third counts of attachment contain the charge "so as to endanger, hinder, or delay the collection of the rent."

2. ———: ———: Rent Due. Where affidavit in a suit in attachment for rent under Revised Statutes 1909, section 7896, stated that the rent was due, and the plea in abatement was a general denial, and the evidence was conflicting, the jury's finding for defendant thereon is not conclusive of the right of attachment, since under the statute plaintiff may attach, whether the rent be due or not.

3. ———: ———: Affidavit: Sufficiency. There is no statutory requirement that landlord's affidavit of attachment under Revised Statutes 1909, section 7896, must state whether the debt for rent is due under the Landlord and Tenant act or the general laws or attachment.

4. ———: Extension of Time for Payment of Rent: Effect: General Attachment. A landlord's mere agreement to extend the time of payment of rent would not operate as an estoppel or waiver of his right to attach the property of a tenant, who was removing his entire property and family from the rented land, in view of Revised Statutes 1909, section 7896.

5. ———: Attachment for Rent: Evidence of Partial Payments: Effect. While in a suit in attachment for rent, under Revised Statutes, 1909, section 7896, defendant could show that he owed no rent debt at all, to defeat the attachment, a partial payment would not defeat the attachment.

Appeal from Premiscot Circuit Court.—*Hon. Sterling H. McCarty,* Judge.

REVERSED AND REMANDED.

*C. G. Shepard* for appellant.

*Sam J. Corbett* and *Ward & Reeves* for respondent.

FARRINGTON, J.—This is a suit by attachment under the Landlord and Tenant Act, section 7896, Revised Statutes 1909, for the purpose of recovering rent for certain land in Premiscot County which was rented by appellant, Williamson, who was plaintiff, to defendant, William Adkins, respondent, for the crop year of 1914. An affidavit of attachment was filed together with a petition for the recovery of the amount claimed to be due. Defendant filed a plea in abatement, and the cause on the grounds of the attachment was tried by a jury under the instructions of the court which resulted in a verdict for the defendant and a judgment in his favor on the plea in abatement. A trial was subsequently had on the merits and a judgment rendered in plaintiff's favor for $354.

The questions involved in this appeal concern the action of the court in the trial .of the attachment suit on the plea in abatement, and as the respondent asserts that the affidavit in attachment filed by the plaintiff was fatally defective, and that irrespective of any assigned errors made. in the trial of the cause, the judgment was for the right party because of a fatally defective affidavit in attachment. The affidavit is as follows:

"J. J. Williamson, being duly sworn, states that Wm. Adkins, defendant, is justly indebted to this affiant in the sum of $600 for rent of the premises in the petition described, and which said sum is now due and payable, and that said defendant intends to remove his property from the leased or rented premises; that defendant is now removing his property from the said leased or rented premises; that defendant has, within thirty days, removed his property from the said leased or rented premises, and that he believes that unless an attachment be issued against the personal property and crops grown upon said premises by defendant, he will lose his rent."

The affidavit is properly signed and sworn to. The return made by the Sheriff shows that he levied upon

property of the defendant such as live stock, farm implements and tools, wagons, etc, and that the only property seixed which would fall under the classification of crops was three bushels of corn.

The respondent contends that the appellant, at most, only attempted to state four grounds under section 7896, they being the first, second, third and sixth grounds, and that the first, second and third grounds set out in the affidavit are fatally defective because they do not contain the charge, "so as to endanger, hinder or delay the collection of the rent;" and asserts that under the law as it now stands the first, second and third grounds for attachment under section 7896 must contain an averment that the act of the tenant endeangers, hinder or delays the collection of the rent.

Our attention has been directed to the following cases: Chamberlain v. Heard, 22 Mo. App. 416; Scully v. Cox, 75 Mo. App. 563; Morris v. Hammerle, 40 Mo. 489; Haseltine v. Ausherman, 87 Mo.410; Haseltine v. Ausherman, 29 Mo. App. 451; Cleveland v. Crum, 33 Mo. App. 616; Kleun v. Vinyard, 38 Mo. 447; Garroutte v. White, 92 Mo. 237, 4 S. W. 681. It will be noticed on reading these cases that they were all dealing with this statute as it stood in the Revised Statutes of 1879, section 3091, and prior thereto. None of them are discussing the question after the amendment to this statute which was made at the Revision Session of 1889, at which session of the General Assembly an act was introduced and passed revising and amending Chapter 45 of the Revised Statutes of Missouri of 1879, entitled Landlord and Tenant, in which act which was passed section 3091, Revised Statutes 1897, as amended by the Laws of 1883, page 105, was made to read as it appears published in the Revised Statutes of 1889, section 6384, which amended statute has been brought down as it then stood, and is now section 7896 of the Revised Statutes. In this connection, we may add, as a matter of information, that the Session Acts as published of 1889 do not

include all of the bills which were revised at that session, as do the Session Acts or 1909; however, in the Second Volume of the Revised Statutes of 1889, pages 2229, 2239, 2231 and 2232 will be found a list of the revised bills of that session and the unrevised bill of that session, and it will be noticed that Chapter 69 is among the revised bills.

We, therefore, find that prior to the Laws of 1889, in order for a landlord to maintain an attachment under the Landlord and Tenant Act, it was necessary under grounds one, two, three four and five, to allege in the affidavit and make proof in the trial that he was endangered, hindered and delayed in the collection of his rent by the act of the tenant. Since the Act of 1889 eliminates from the first, second and third grounds this requirement, so far as removing property is concerned, under grounds one, two and three, the requirement is no longer in such cases.

We are not called upon in this suit to decide whether removing any portion of the property would give the landlord a right to attach under grounds one, two and three, as it appears from the record that the tenant in this case had removed everything he had from the farm; it also appearing from the return made by the Sheriff that a substantial amount of farm stock and farm implements and material owned by the defendant were attached as his property. We therefore, overrule the Respondent's contention that the affidavit heretofore set out is a fatally defective affidavit on grounds one, two and three. As the case will be remanded for rehearing, we suggest to Appellant that if he relies upon ground six, that he follow the language of the statute as to having made demand, etc.

Respondent next contends that the affidavit states that the rent was due, and that the plea in abatement was a general denial, and as there was evidence *pro* and *con* as to whether the rent was due and the jury having found for the defendant, settles that question. In answer to this, the statute on its face gives plaintiff

a ground for attachment whether the rent be due or to become due, if it be due within a year after the liability to pay begins.

The issue that the jury determined on the attachmen was whether the defendant was guilty of any of the grounds therein alleged. The judgment on the attachment would, of course, not become operative until the plaintiff had sustained his claim by a judgment on the merits, and in this case the record shows that the suit was determined on the merits, and it was found that the defendant owed the plaintiff some $394. This disposes of the contention of respondent that there was no basis for an attachment because of a fatally defective affidavit. Besides, there is no statutory requirement that the affidavit must state whether the debt is due either under the Landlord and Tenant Act or the general laws of attachment. [Mastin v. Bank, 65 Mo. 16.]

The appellant, for error in the trial, complains principally of the giving and refusal of instructions. There was no issue made in the testimony on the question of whether there was no rent at all due because one of the defendant's grounds of defense was that this debt had been extended and the dispute was merely over the amount owing.

Instruction Number 1-b, given at defendant's instance over the objection and exception of plaintiff, informed the jury that if the defendant rented the plaintiff's farm for the year 1914, and defendant owned the plaintiff the rent on the farm for said year, and if the plaintiff agreed with the defendant for plaintiff to pay him $250 and that he would carry him for the balance of the rent until the next fall, and the defendant in compliance with said agreement paid the plaintiff $250, then they would find the issues for the plaintiff and dissolve the attachment.

From what has been said before, this was clearly error, because even though the plaintiff did merely extend the payment of rent for a year, which would make

203 M. A.—12

it due well within a year from the time the attachment was sued out, such extension without some other or further agreement giving the right of defendant to move his property from the premises would not operate as an estoppel or as a waiver of the landlord's right to attach the property of the tenant who was moving his entire property and family from the rented land. The same error is contained in Instruction Number 3-b.

It is unnecessary to discuss the objection made to the testimony introduced in the attachment suit concerning the partial payment of the rent. A defendant would be entitled to show on the trial in the attachment suit that he owed no debt at all as rent, and a finding in his favor on this question would defeat the attachment. But in the evidence on the trial in this attachment suit it was only claimed that a part of the debt was paid and the balance was extended. Besides, that question has now been decided by a judgment in the suit when the case was tried on the merits.

We, therefore, hold that the plaintiff's affidavit in the attachment was not fatally defective on grounds one, two and three, because it did not contain the statement so as to endanger, hinder or delay the landlord in the collection of his rent; and that the court erred in the instructions to the jury by giving the instructions requested by defendant Numberss 1-b and 3-b.

For these reasons the judgment is reversed and the cause remanded for re-trial. *Sturgis, P. J.,* and *Bradley, J.,* concur.