Bourne vs. The County Court of Marion County.

---

BOURNE, CLERK OF HANNIBAL COURT OF COMMON PLEAS vs. COUNTY COURT OF MARION COUNTY.

1. By the 35th section of the act creating the Hannibal court of common pleas, (private acts 1845, page 66.) all expenses incurred in the establishment of the court, must be paid by the citizens within the corporate limits of the city. A record book furnished by the clerk, for the use of the court, is a part of the expenses incurred in the establishment of the court, and the county of Marion is not bound to pay for it.·

ERROR to Marion Circuit Court.

STATEMENT OF THE CASE.

At the November term, 1851, the Marion circuit court granted a rule against the justices of the Marion county court on the relation of Charles D. Bourne, clerk of the Hannibal court of common pleas, to show cause why the account of said Bourne (as clerk) for a record book furnished by him for the use of said court of common pleas, should not be audited and allowed, as other legal demands against the county. The justices appeared and filed their answer, in which they say the county of Marion. is not bound in law to pay for the record book referred to in the relator's account.

The circuit court decided, that the county of Marion was bound, in law to pay for this record book and thereupon made the rule absolute, and ordered the justices to allow the account and to draw a warrant for the amount claimed. From this judgment the case is brought to this court by appeal,·

A. LAMB, for appellants.

Appellant relies upon the following points for a reversal of the judgment of the circuit court:

1. The law, creating the Hannibal court of common pleas, made no provision requiring the county of Marion to pay the expenses of that court; nor has any such law been since enacted.

2. By 35th·section of the act to establish the Hannibal court of common pleas, at page 70,

Bourne vs. The County Court of Marion County.

of the local laws 1845, it is enacted that all expenses which may be incurred in the establish ment of said court shall be paid by the citizens of Hannibal. It is contended by appellants that the expenses in furnishing the seal of the court, record books and furniture for court room, fall within the provisions of this section.

3. It is no reason, that because the legislature made no provision for the payment of the continued expenses of this court, that therefore the county of Marion should pay them.

4. There is no power vested in the judge or clerk of the Han. Ct. Com. Pleas to certify bills for the expenses incurred in conducting that court, to the county court for payment.

RICHMOND, for respondent, insists :

1. That by the statute of 1835, "regulating clerks," such an account, as the one relied on by the respondent, would have to be paid by the county of Marion, if presented by the clerk of the circuit court: See Rev. Stats. 1835, p. 112–13, section 14. The act of 1845 is quite as plain, though somewhat changed from that of 1835, and imposes the same liabilities on the counties: See 16th section of "act regulating clerks," Rev. Stats. 1845, p. 110.

2. The act establishing the Hannibal court of common pleas, in 1845, causes all laws, relating to clerks of the circuit courts to be construed to extend to the clerk of the Hannibal court of common pleas and his securities, to all intents and purposes, as if they had been expressly included therein: See local law of Mo. for 1845, and 22, 23, 24 sections of the act last named, pages 68 and 69.

The last section of this act certainly cannot apply to the books, stationery, &c , of the clerk, but to the erection of buildings or such expenses as accrued in "the establishment" of the court of common pleas.

3. This court of common pleas is for the benefit of the people of the whole county, although its jurisdiction, so far as defendant only is concerned, was at first limited to the city of Hannibal, and afterwards to Magon township. Its jurisdiction, in many respects, is co-extensive with the county; and in civil cases concurrent with the circuit court. There exists no reason why all the expenses of such a court should not be borne by the county: See the act enlarging the jurisdiction of the Hannibal court of common pleas, approved March 3rd, 1851, page 208 acts 1851.

RYLAND, J., delivered the opinion of the court.

The question in this case involves the liability of the county of Marion to pay for the record books, procured for his office, by the clerk of the Hannibal court of common pleas; and we must look to the provisions of the act, creating this court, for the solution.

The statute creating the Hannibal court of common pleas, (see private acts 1845, page 66,) contains, among others, the following provisions :

Sec. 22. There shall be a clerk of the court hereby established, who shall possess the qualifications of a clerk of a circuit court; he shall be elected in the same manner, and for the same term, and all vacancies in his office shall be supplied in the same manner as in cases of a clerk of a circuit court."

Sec. 23. "Such clerk shall take the like oath, give the like bond, be

governed by the same laws and perform the like duties in relation to the business of the court and his office and the record and proceedings appertaining thereto, as clerks of the circuit court, and with like accountability, he shall receive for his services the fees prescribed by law for clerks of the circuit courts in like cases."

Sec. 24. "The act regulating clerks, approved thirteenth day of February, eighteen hundred and thirty-five, and all other laws relating to the clerks of the circuit courts and their securities, shall be construed to extend to the said clerk of the court of common pleas and his securities to all intents and purposes, as if they had been expressly included therein, unless otherwise provided for in this act."

Sec. 35. "All expenses which may be incurred in the establishment of said court of common pleas, shall be paid by the citizens within the corporate limits of said city of Hannibal."

The court, established by the above mentioned statute, is made a court of record. Books, in which the proceedings of the court can be recorded, are necessary to its establishment; and the expenses incurred in obtaining such books, are consequent upon the establishing of the said court. Such expenses, by the terms of the statute, must be paid by the citizens within the corporate limits of the city of Hannibal. So must all such expenses, that may be incurred for any such books in future, they being necessarily incurred by the establishing of the said court.

The other judges concurring, the judgment of the circuit court is reversed and this cause is remanded for further proceedings, in accordance with this opinion.