ASHAEL CLEVELAND, Appellant, v. H. L. CRUM,
Respondent.

Kansas City Court of Appeals, February 4, 1889.

1. **Landlord and Tenant**: ATTACHMENT FOR RENT; PLEA IN ABATE-
MENT: BURDEN OF PROOF. In an attachment for rent under the
landlord and tenant act, the procedure should conform to the pro-
vision of the general attachment law ( R. S. sec. 3092); and if the
defendant pleads in abatement, such plea puts in issue the facts
alleged in the affidavit for the attachment (sec. 438); and the
plaintiff shall be held to prove the existence of the facts alleged by
him as the ground for attachment (sec. 439); and the trial court
properly instructed the jury that the burden of proof is on the
plaintiff, and unless the issue be proven in his favor by a prepon-
derance of evidence, they should find for the defendant, and,
where the allegation in plaintiff's affidavit is, that rent is past due
and unpaid, it is not error to refuse an instruction casting the bur-
den of proving payment upon the defendant.

2. ———— : ———— : WEIGHT OF EVIDENCE. The burden of proof and
the weight of evidence are quite different and the opinion distin-
guishes them.

3. **Practice** : QUESTION FOR JURY. Where there is conflicting evi-
dence and a jury might find either way, their finding should not be
disturbed.

*Appeal from the Henry Circuit Court.*—HON. D. A.
DEARMOND, Judge.

AFFIRMED.

*A. Haynie* and *Fyke, Calvird & Lewis,* for
appellant.

(1) It being admitted that defendant was plain-
tiff's tenant, the burden was on defendant to show that
the rent had been paid. *Yarnell v. Williams,* 14 Mo.

Cleveland v. Crum.

619. The only issue which could possibly arise as to rent of 1885 was as to payment of the rent. Upon that issue the burden was on defendant. *Easan v. Dillaye*, 8 How. Pr. 273; *Fullerton v. Bank*, 1 Pet. 604-617. Especially in view of the fact that it was not claimed that the rent had been paid in money, but that defendant had a counter-claim or offset sufficient to overbalance the rent. That matter could be investigated only on a trial of the merits of the case and not upon a plea in abatement. Plaintiff's instruction number five should, therefore, have been given, and defendant's instruction number three should have been refused. (2) Plaintiff's motion for a new trial should have been sustained, because there was no evidence whatever that the rent had been paid.

*McBeth & LaDue*, for respondent.

(1) It is not admitted by the pleadings that respondent was the tenant of appellant. The plea in abatement is a general denial of all the alleged grounds of attachment. The burden of proving payment of the rent for 1885 was not on defendant. The definition given by the courts of burden of proof is, "the obligation imposed upon a party who alleges the existence of a fact or thing, necessary in the prosecution or defense of an action, to establish it by proof." *People v. McCann*, 16 N. Y. 66; *Ex parte Walls*, 64 Ind. 461; *Wilder v. Cowles*, 100 Mass. 487; *Barnham v. Allen*, 1 Gray (Mass.) 500. The strict meaning of the term *onus probandi* is this, that if no evidence is given by the party on whom the burden is cast, the issue must be found against him. *Davis v. Rogers*, 1 Houst. (Del.) 95; *Prevost v. Gratz*, 6 Wheat. (U. S.) 481; *Costigan v. Railroad*, 2 Denio (N. Y.) 600; *Pousey v. Shook*, 3 Black. (Ind.) 267; 25 Am. Dec. 108.

Cleveland v. Crum.

SMITH, P. J.—Action by attachment to recover rent. The truth of the facts alleged in the affidavit for the attachment was put in issue by a plea in abatement. There was a trial on this issue which resulted in a finding for the defendant, and judgment was accordingly rendered, abating the attachment, from which plaintiff has prosecuted his appeal to this court.

The principal question arising in the record for our decision is whether the circuit court properly directed the jury as to the burden of proof. The complaint here is that the circuit court erred in its refusal to give the plaintiff's third instruction, which told the jury that if the defendant occupied the plaintiff's farm as a tenant for the year 1885 and that the rent for that year, or any part of it, was due and unpaid, they should find for the plaintiff, and that it was necessary only for the plaintiff to prove, in order to sustain the attachment, that defendant did occupy said farm for said year; that at the time this suit was brought the rent for said year or some part thereof was past due and unpaid, *and that the burden of proving such payment was on defendant*, and also that it was error to have given the defendant's third instruction, which declared to the jury that the burden of proof was on the plaintiff, and unless the issue be proven in his favor by a preponderance of testimony they should find for defendant.

Proceedings on an attachment issued under the statute " Of Landlord and Tenant " are required to conform to the provisions of the general attachment law ( R. S. sec. 3092 ), which provides that the plea in abatement puts in issue the truth of the facts alleged in the affidavit for the attachment. Sec. 438. It further provides that upon such issue the plaintiff shall be *held to prove the existence of the facts alleged by him as the ground of attachment* ( sec. 439 ), which in this case were that

the "rent for the year 1885 was past due and unpaid."
Sec. 3091.

The statute in cases of this kind plainly fixes the
*onus probandi.* The plea in abatement simply puts in
issue the truth of the facts alleged in the affidavit above
indicated. It can perform no office other than that;
under it no defense can be made which would relieve
the plaintiff of the burden of proving the truth of the
grounds alleged in the affidavit for the attachment.

An admission of the *prima-facie* case and an allega-
tion of affirmative matter of avoidance places the bur-
den of proof on defendant. *Murphy v. Murphy*, 15
Mo. 600.

The burden of proof and the weight of evidence are
quite different. The former remains on the party
affirming a fact in support of his case, and does not
change in any way the aspect of the case. The latter
shifts from side to side in the progress of the trial
according to the nature and strength of the proof offered
in support or denial of the main fact to be established.
*Bridge Corp. v. Butler*, 2 Gray, 132. And when the
plaintiff and defendant have both put in evidence, the
burden of proving the plaintiff's whole case by a pre-
ponderance of evidence is in the party who had the bur-
den of proof in the beginning of the trial. *Pavus v.
Russell*, 13 Pick. 76. It was necessary for the plaintiff
to prove that the rent was past due and unpaid. This
was the distinctive ground for the attachment, and for
that very reason it was necessary for plaintiff to prove
it. The burden was cast upon him under the statute
referred to.

We have looked at the cases cited by plaintiff
and do not find that they in any way sustain his con-
tention, they having no application to cases of this
kind.

It is needless to repeat here what has in effect
already been said, namely, that the statute of this state

in cases of this kind lays the burden of proof upon the plaintiff, where it remains through the entire trial of the case.

The plaintiff further contends that the motion for a new trial should have been sustained by the court below because there was no evidence before the jury that the rent had been paid.

There was conflicting evidence upon this point and the jury might possibly have found that the rent was or was not due and unpaid. There was some evidence that countervailed that offered by the plaintiff in support of the affirmative of the issue. It may be that the jury found that the evidence to support the plaintiff's allegation that the rent was past due and unpaid was not satisfactory or sufficient to convince their mind of its truth, and for that reason their verdict was for defendant.

Perceiving no error in the record prejudicial to plaintiff, the other judges concurring, the judgment of the circuit court is affirmed.