TUCKER, Appellant, v. FREDERICK, Respondent.

1. Where an attachment is based upon two grounds, and the plaintiff establishes one of them, it can not avail the defendant any thing to show that the other ground of attachment has no basis.
2. Declarations of the defendant in the attachment made after the attachment are inadmissible in his favor to explain away the effect of previous declarations.

*Appeal from Kansas City Court of Common Pleas.*

The facts sufficiently appear in the opinion of the court.

*Ryland & Son* and *Smith & Bouton,* for appellant.

I. The court improperly admitted the statements and declarations of defendant. The third instruction asked by plaintiff was improperly refused. The second and third instructions given for defendant should have been refused; they were calculated to mislead the jury. (See 1 Mo. 341; 6 Mo. 64; 12 Mo. 381.)

*Hovey,* for respondent.

I. The declarations admitted could do no harm; they but

corroborated the statement of plaintiff's own witness, that if defendant ever had an idea of removing her goods or changing her domicil, she had abandoned the idea before the attachment.' (15 Mo. 244.) The court properly instructed the jury.

RICHARDSON, Judge, delivered the opinion of the court.

This suit was commenced by attachment on the ground that the defendant was about to remove out of this state with intent to defraud, hinder or delay her creditors, and also that she was about to remove out of the state with intent to change her domicil. The defendant, by plea, put in issue the truth of the affidavit. On the trial of the plea in abatement the plaintiff introduced evidence tending to show that, two or three days before the commencement of the suit, the defendant offered to sell the lease of the house she occupied and a portion of her furniture, and stated at the time that she intended to remove to the territory of Kansas; also, that she spoke of removing to Monticello, a town in Kansas, for the purpose of keeping a boarding-house, and that, a few days after the attachment was served, she did remove to Monticello, where she has ever since resided with her family. All the plaintiff's evidence bore on the allegation in the affidavit that the defendant was about to remove out of the state with intent to change her domicil. The defendant was allowed to prove by one witness, that, prior to the attachment, she proposed to sell out to him, and stated that she desired to apply a portion of the proceeds to the payment of the plaintiff's demand; and by another witness, that, after the attachment had been levied, she told him she would not have removed to Kansas but for the attachment, which had broken her up.

This evidence was improperly admitted, for the law authorizes an attachment on the simple ground that the defendant was about to remove out of the state with the intention of changing her domicil, without regard to her purposes in reference to her creditors; and, therefore, if she intended to go to Kansas with the view of residing there, it was imma-

terial whether or not she intended to apply a portion of the proceeds of her property to the payment of the plaintiff's debt; and her declarations made after the attachment were clearly inadmissible to explain away the effect of previous declarations.

The other judges concurring, the judgment will be reversed and the cause remanded.