STEWART v. NELSON *et al.*, *Appellants*

1. **Fraudulent Conveyances**: CHANGE OF POSSESSION. See the doctrine stated *post*, p. 524.

2. **Admissions of Counsel.** Where counsel at the trial admit as a fact a matter controverted in the pleadings, it is no error to refuse an instruction which assumes that that matter is still an open question.

3 **Res Judicata**: VERDICT: ATTACHMENT. A verdict and judgment upon a question of fact on the trial of a plea in abatement in attachment are conclusive of the same question upon a trial on the merits.

*Appeal from Randolph Circuit Court.*—HON. G. H. BURCK-HARTT, Judge.

AFFIRMED.

*Reed & Hall* for appellants.

*Jno. R. Christian* for respondent.

NORTON, J.—This suit was instituted against defendants, as partners, upon a balance of account for $421.64. An attachment was also sued out, based upon the ground that defendants had fraudulently sold and disposed of their property for the purpose of hindering and delaying creditors. A plea in abatement to the attachment proceeding was filed, the issue on which being tried resulted in a verdict for plaintiff. The defendants thereupon answered separately, denying the partnership as well as all the other averments of the petition. Upon the trial on the merits the plaintiff obtained judgment, from which defendants have appealed. Being only favored by appellants with an abstract of the record, unaccompanied by brief, we shall only notice what we deem material to a proper disposition of the case.

On the trial of the plea in abatement plaintiff offered evidence tending to show that defendants had sold to one

Stewart v. Nelson.

**1. FRAUDULENT CONVEYANCES: change of possession.** Bergstrom certain railroad ties upon which plaintiff levied his attachment. It was claimed by plaintiff that the sale thus made was fraudulent as to the creditors of defendants, because there was no change of the possession of said property after the sale. This claim was resisted by defendants, and the question as to whether there had been such change of possession as to make the sale valid as to creditors under the statute, was submitted to the jury by instructions of the court given over defendants' objection. It is unnecessary to say more of these instructions than to observe that they conformed to the views of this court as expressed in the case of *Claflin v. Rosenberg*, 42 Mo. 439.

It is also objected that the court erred in refusing an instruction asked by defendant to the effect that before **2. ADMISSIONS OF COUNSEL.** Aspland could be estopped from denying that he was a partner it must be shown that Aspland by his words or conduct caused plaintiff to believe that he was a partner and that he acted on such belief. The record shows that during the trial defendants' counsel admitted that for the purpose of this suit defendants were partners, and the instruction was properly refused on that ground if on no other.

The principal error complained of when the cause was tried on its merits was the refusal of the court to instruct **3. RES JUDICATA: verdict: attachment.** the jury that "if they believed from the evidence that Aspland and Nelson were not partners at the time and as set forth in the petition, and have never misled plaintiff by misrepresenting to that effect, they must find for defendants." This instruction was properly refused, inasmuch as the record shows that the question of partnership was directly submitted to the jury on the trial of the plea in abatement and found adversely to defendants, and inasmuch as the record further shows that it was expressly admitted by defendants' counsel that defendants were partners for the purposes of the suit. Judgment affirmed. All concur.