D. F. EISENHARDT, Respondent, v. S. C. CABANNE, Appellant.

February 24, 1885.

1. ATTACHMENT — PLEA IN ABATEMENT — INSTRUCTIONS. — In the trial of a plea in abatement in attachment, it is not error to instruct the jury to make a separate finding on each ground of attachment charged in the affidavit.

2. —— Verdict. — Under a separate finding for the plaintiff on all the grounds alleged, the verdict will not be disturbed if the finding as to some of the grounds is fully sustained by the evidence.

3. —— Instructions. — An instruction on the whole case must be so framed as to include the points raised by the evidence of the other party, and if it fails to do so, the court may change it so as to make it apply to the entire case.

Appeal from the St. Louis Circuit Court, Lubke, J. *Affirmed.*

R. W. Goode and A. R. Taylor, for the appellant.

L. S. Metcalfe, Jr., G. M. Stewart, and G. A. Finkelnburg, for the respondent.

Rombauer, J., delivered the opinion of the court.

This cause is in most of its features the same as the cause of *Stewart* v. *Cabanne* (*ante,* p. 517). The attachment was levied at the same time, against the same defendant and the testimony adduced by the plaintiff in the trial court in support thereof, is almost identical with that in the former case.

In some of its features, however, this cause is different from the former, and gives rise to questions which require an examination of points raised, beyond those raised and decided in the former case.

The plaintiff's affidavit here stated five grounds of attachment based respectively on the seventh, eight, ninth, tenth, and fourteenth clauses of section 398, Revised Statutes, relating to the intended and executed fraudulent disposition and conveyance of property and to the fact that the debt sued for was fraudulently contracted. The court among other things, instructed the jury as follows: —

"The court instructs the jury that if they find for defendant as to all the grounds of attachment assigned in plaintiff's affidavit, their verdict must be : We, the jury, find for the defendant on the plea in abatement in this cause. If they find for the plaintiff as to all said grounds, they will in their verdict say : We, the jury, find for plaintiff as to all said grounds alleged in plaintiff's affidavit for the at-

tachment herein, and if they find for plaintiff as to some, but not all of said grounds, they will specify the grounds upon which they find for plaintiff, and then state that they find for defendant as to the other grounds assigned in said affidavit."

And the jury returned the following verdict : " We, the jury, find for plaintiff as to all the grounds alleged in plaintiff's affidavit for the attachment herein."

Judgment was thereupon rendered for the plaintiff. While it may be a novel practice in this state, to take the finding of the jury in this manner, it is a practice not only fully warranted by precedent elsewhere, but also commendable, because it enables the trial court to review more fully the correctness of the jury's finding on motion for new trial. Moreover, since a general verdict for the plaintiff would be supported by proof of any of the alleged grounds of attachment (*Tucker* v. *Frederick*, 28 Mo. 574), this practice can not possibly be prejudicial to the defendant.

There was testimony tending to support the grounds of attachment, that the defendant was about fraudulently to dispose of his property, and that he was about fraudulently to convey his property, so as to hinder, etc. This testimony, as in the Stewart case, consisted of his declarations made prior to the attachment, which, as far as they were made to third persons were admissible as declarations against interest, and as far as made to the plaintiff or his agents, on the same ground, and on the additional ground of estoppel. *Cocke* v. *Kuykendall*, 41 Miss. 65 ; *Roach* v. *Brannon*, 57 Miss. 490. These declarations were followed by the execution of certain chattel mortgages to his mother, one being executed immediately succeeding the attachment.

It may also be fairly claimed that there was sufficient testimony tending to show an executed fraudulent disposition and conveyance of the defendant's property, with intent, etc., to entitle the plaintiff to go to the jury on that part of his affidavit, under the very liberal rule in this state

in regard to the extent of evidence sufficient for that purpose.

On the question as to whether the debt sued for was fraudulently contracted, there was evidence tending to show that the defendant stated to the plaintiff's agent at the time the debt was contracted that he owed probably six thousand dollars and that his assets were over twenty thousand dollars, and that a few months thereafter, he stated his assets at twelve thousand dollars and his liabilities at twenty-two thousand dollars, and offered his creditors twenty cents on the dollar, in full payment of his liabilities. This evidence, if true, was sufficient to avoid the entire sale for fraud (Hilliard on Sales, 437, 438; *Thurston* v. *Blanchard*, 22 Pick. 18), and therefore sufficient to show a fraudulent contracting of the debt.

The point made by the defendant, that the verdict of the jury in finding for the plaintiff as to all the grounds alleged, is not supported by the evidence is therefore untenable. But were it even otherwise, we would not feel justified to disturb the verdict, in a case where the evidence, under correct instructions by the court, fully supports some of the grounds of attachment, and justifies a general verdict for the plaintiff. *Tucker* v. *Frederick*, 28 Mo. 574.

In examining the instructions given and refused, we find them similar, and mostly identical with those given and refused in the cause of *Stewart* v. *Cabanne.*

The fifth and sixth instructions for the plaintiff, of which the defendant especially complains, we have recited, examined, and approved in our opinion in that case. We have also carefully examined the claim of the defendant that the court committed error in refusing his seventh, eighth, ninth, tenth, and eleventh instructions, and substituting in lieu thereof other instructions of its own, and find that there is no merit in such claim. The seventh instruction asked by the defendant, was given by the court of its own motion, without change, and so was the eleventh instruction asked

by the defendant. The refusal of the defendant's eighth, ninth, and tenth instructions, was not only warranted, but demanded by the rules laid down in *Clark* v. *Hammerle* (27 Mo. 55), *Sawyer* v. *H. & St. Joe R. R. Co.* (37 Mo. 240), and *Fitzgerald* v. *Hayward* (50 Mo. 516), that "a party who asks an instruction on the whole case must so frame it as not to exclude from the jury the points raised by the evidence of the other party." The changes in these three instructions, and additions made thereto, by the court, was in the defendant's interest, who thus got the benefit of the law claimed by him, in the only form in which the court could legally grant it, that is by removing the objection of inconsistency, by making the instructions applicable to the entire case, and the entire charge harmonious.

We find no error in the record. All the judges concurring, the judgment is affirmed.