HASELTINE, *Appellant,* v. AUSHERMAN.

1. **Landlord and Tenant** : LIEN : REMOVAL OF CROP BY TENANT :. PRACTICE. Under the statute (R. S., sec. 3083) the landlord has a. lien upon the whole crop grown on the demised premises, but the tenant is not prohibited from removing any portion of it, but he shall not remove or dispose of it so as to endanger or hinder the landlord's collection of the rent (R. S., sec. 3091); and this is a. question for the jury, but is not to be determined with reference to any property the tenant may have elsewhere.

2. ———: DECLARATION OF LANDLORD : EVIDENCE. In an action for rent the landlord is not bound by a promise that he will not claim the rent where no consideration for such promise is alleged or proved,. and it is inadmissible in evidence.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

REVERSED.

*S. A. Haseltine* and *C. W. Thrasher* for appellant.

(1) The court below erred in admitting evidence offered by defendant as to what the contract for rent was, and that the appellant had promised not to require respondent to pay rent that year, and that respondent when he went to Kansas left property in this state. R. S., sec. 3091; *Kluen v. Vineyard,* 38 Mo. 447. The evidence must correspond with the allegations, and be confined to the point in issue. *State, etc., v. Roberts,* 62 Mo. 390; 2 Greenleaf on Evidence, sec. 2. (4 Ed.); *Eddy v. Baldwin,* 32 Mo. 369; *Currier v. Lowe,* 32 Mo. 203 ; *Bruce v. Sims,* 34 Mo. 246. (2) The court erred in giving the instructions asked by respondent. (3) It was error to refuse to give the instructions asked by appellant. It was error to instruct the jury that as matter of

law respondent had a right to remove any part of the crop from the leased premises without paying the rent therefor. *McLean v. McLean*, 10 Bush, 168; *Taylor v. Meyers*, 34 Mo. 81. Said instruction was also erroneous in using the term "reasonable amount of said crop" without explaining its meaning. *Young v. Rindenbaugh*, 67 Mo. 574; *State v. Heed*, 57 Mo. 252; *Wiser v. Chesley*; 53 Mo. 547; *Muella v. Putnam Fire Ins. Co.*, 45 Mo. 85; *Buel et al. v. The St. Louis Transfer Co.*, 45 Mo. 562; *Hickey v. Ryan*, 15 Mo. 62. The second instruction given at the request of respondent is erroneous in referring the jury to the affidavit of appellant to determine for themselves what the issues in this cause were. *Dassler v. Wisby*, 32 Mo. 498; *Missouri Coal and Oil Co. v. Han. & St. Joe Ry. Co.*, 35 Mo. 84; *Butcher v. Death et al.*, 15 Mo. 271. Said second instruction is also erroneous in not correctly stating the law. R. S., sec. 3091, p. 517. For the errors in the foregoing instructions given at request of respondent this cause should be reversed.

*Goode & Cravens* for respondent.

(1) The relation of landlord and tenant was not established between plaintiff and defendant, and there can be no rent due a party unless the person charged with rent is shown to be his tenant. *Aull Savings Bank v. Aull*, 80 Mo. 199; *Edmonson v. Kite*, 43 Mo. 176; *Morris v. Barnes*, 35 Mo. 412; *Hart v. Hart*, 41 Mo. 441. (2) It does not appear that either Hays or Harwood, under whom plaintiff claims the right to demand the rent, was ever in possession of the land. Therefore, there could be no tenancy and consequently no rent due plaintiff. *Guenther v. Birkicht*, 22 Mo. 439; *Towne v. Bowers*, 81 Mo. 491; *Adams v. Leip*, 71 Mo. 597; *Jenkins v. McCoy*, 50 Mo. 349; *Morgner v. Biggs*, 46 Mo. 66. (3) The court should have taken the case en-

tirely from the jury, on account of an utter failure of proof on the part of plaintiff. *Hoskins v. St. L., K. C. & N. Ry.*, 58 Mo. 302 ; *Meyers v. C., R. I. & P. Ry.*, 59 Mo. 223 ; *Hedeker v. Gaushorn*, 50 Mo. 154. (4) There was indeed no removal of the crop such as would endanger the collection of. the rent, and none intended. *Price v. Rotzel*, 56 Mo. 500 ; *Hubbard v. Moss*, 65 Mo. 647. (5) The affidavit for attachment is wholly insufficient under the statute, and the proof fails to show that the rent was then due. It may not have been payable until the first of January following ; and it was certainly not due until demand and tender or offer to pay the two cents per bushel for gathering and delivering. *Klenn v. Vineyard*, 38 Mo. 447 ; *Kinnear v. Shands*, 36 Mo. 379.

HENRY, C. J.—This suit was instituted in the Greene circuit court for rent, and plaintiff filed, with his petition, an affidavit for attachment under the landlord and tenant act, alleging that Ausherman. refused to pay the rent, and was about to remove, and was removing his property, including the crop of corn, from the leased premises, and was disposing of the same so as to hinder and delay plaintiff in collecting his rent. The defendant filed his plea, denying the above statement in the affidavit, and on a trial of the issue on the plea, defendant had a verdict and judgment, from which plaintiff has appealed.

Evidence was introduced by plaintiff proving that defendant had sold and removed a part of the corn from the premises, and was about to move more ; that Ausherman had removed to Kansas. On cross-examination of a witness for plaintiff, over plaintiff's objection, he was permitted to testify that, when Ausherman went to Kansas he had wheat stacked on a place belonging to one Powell, and also on Wade's farm. Defendant was also permitted to testify that he left seventy acres of

wheat growing, forty acres on Wade's place and twenty on Powell's place, and also that plaintiff told him he would not claim the rent. In the admission of that testimony the court erred. By the statute the landlord has a lien upon the crop grown on the demised premises (section 3083), and by section 3091 it is provided that the landlord may have an attachment against the tenant if the latter intends to remove, or is moving, or has within thirty days removed his property from the leased premises, or shall, in any manner, dispose of such crop, or attempt to dispose of the same, so as to endanger, hinder or delay the landlord from the collection of his rent.

It is not the sense of the statute that the tenant shall not remove any portion of the crop, but only that he shall not remove or dispose of it *so as to endanger or hinder the landlord's collection of the rent.* This is a question for the jury, but it is not to be determined with reference to any property the tenant may have elsewhere. The landlord's lien is upon the entire crop grown upon the premises, and it is this lien which the statute was designed to protect. The court instructed the jury, "that, in determining whether the removal of said corn from the leased premises, by defendant, was such an act as to endanger, hinder or delay plaintiff from collecting his rent, the jury is at liberty to consider the manner of such removal of said corn by defendant, *and all his acts and statements concerning the same, and all other facts and circumstances in evidence before them.*" Under this instruction, if the jury had been satisfied from the evidence that defendant intended to, and was about to remove all the corn from the premises, yet if they also found that he had enough property elsewhere in the county, out of which plaintiff could make his rent, they were authorized to find a verdict for defendant. It was error to admit the testimony that plaintiff said to Ausherman he would not claim the rent. No consideration

for such promise is proved or alleged, and plaintiff was not bound by it.

The judgment is reversed and the cause remanded. All concur.