Garrett v. Greenwell.

---

GARRETT, *Appellant,* v. GREENWELL, *Administrator.*

1. **Judgment, When Res Judicata.** A judgment, in order to be a
bar as *res judicata*, must have been a final one and rendered on
the merits.

2. **Judgment on Plea in Abatement: RES JUDICATA.** A judg-
ment on matters in issue on the plea in abatement in an attach-
ment suit does not become *res judicata* as to such matters on the
trial on the merits.

Garrett v. Greenwell.

3. **Revised Statutes, Section 3928** : INSTRUCTION. It is sufficient to authorize a recovery under Revised Statutes, section 3928, for destruction of property, that the act was done either "maliciously or wantonly," and an instruction is improper which tells the jury that the only question for them to determine was, whether or not the act was "maliciously and wilfully" done.

4. **Practice in Supreme Court**: VERDICT OF JURY AGAINST WEIGHT OF EVIDENCE : REVERSAL OF JUDGMENT. In this case, where the evidence was of the most cogent character that the defendant's intestate burned plaintiff's property, *held*, that the Supreme Court would interfere, because the verdict for defendant was against the weight of the evidence, and reverse the judgment for that reason.

*Appeal from Montgomery Circuit Court.*—HON. ELIJAH ROBINSON, Judge.

REVERSED.

*John M. Barker* for appellant.

(1) The action of the court, in excluding from evidence or exhibition to the court the record of the judgment for appellant on the trial of the issue of attachment, was erroneous, because the facts involved in the attachment were fully tried before a jury and were finally settled. Defendant made no effort to have said trial reviewed, as he might have done under section 439, Revised Statutes, 1879. These questions were *res adjudicata*, and have been so expressly decided in *Stewart v. Nelson*, 79 Mo. 522. And such is the law in regard to any fact in issue, at a prior trial. *Hasty's Heirs v. Berry*, 1 S. W. Rep. 8; *Nelson v. Bevens*, 28 N. W. Rep. 331. And whether litigated or not, if disclosed in the pleading. *Kurtz v. Carr*, 5 N. E. Rep. 692; *Radford v. Folsom*, 3 Fed. Rep. 199; *Brooks v. O'Harra*, 8 Fed. Rep. 529. (2) The court erred in excluding the testimony of George Vickery as to the words, actions and conduct of Jolioh and wife, as he was passing their house. 1 Greenleaf Evid., sec. 177; 3 Taunt. 80; *Allen v. McKeen*, 1 Sumn. 314. (3) The

court erred in giving instructions to the jury. (4) The court also committed error in refusing a new trial on the weight of the evidence.

*T. J. Powell* and *E. M. Hughes* for respondent.

(1) The court rightly refused to permit the reading in evidence of the attachment judgment. · The very nature of a plea in abatement forbids the idea that a judgment therein concludes anything, except as to whether the writ of attachment was properly sued out. (2) The court did not err in the matter of refusing to permit George Vickery to testify as to what Mrs. Jolioh, the wife of the deceased defendant, said to witness ; her declarations constituted no proof against him. (3) The instructions given by the court were proper. (4) The weight of the evidence in this case is clearly in favor of defendant, but if it were not, nothing is better settled than that this court will not reverse a judgment on the ground that the verdict is against the weight of the evidence.

SHERWOOD, J.—There are two counts in the petition ; the first charges that Jolioh wilfully, maliciously and wantonly, intending to injure the plaintiff, set fire to and burned the plaintiff's property, a threshing machine, belt and separator of the value, etc. The second count was of similar purport, double damages being asked under the provisions of section 3928, Revised Statutes, an affidavit and bond being filed with the petition, in conformity with that section, and the provisions of the attachment law. Jolioh, having died, his administrator was made party defendant, and on his plea in abatement a trial of the issue thus raised was had, resulting in a verdict for the plaintiff, which was followed by the statutory judgment sustaining the attachment. Thereupon the defendant administrator filed a general denial,

and at the next term, on the issue thus presented, the verdict was for the defendant and judgment accordingly.

I.   There was no error in the trial court refusing to permit the plaintiff to offer in evidence the record of the proceedings in the trial of the plea of abatement.   The correctness of this ruling is apparent for several reasons :   A judgment, in order to be a bar to further litigation, must not have been rendered on some mere preliminary ground as, *ex. gr.*, upon a plea in abatement or the like ; the case must have gone to a full and complete termination, so that nothing is left unsettled as to the rights of the parties litigant, or the extent of those rights.   In a word, the judgment must have been final and rendered on the merits of the cause.   Bigelow on Estop. [3 Ed.] 29, 32, 33 ; Freeman on Judgments [3 Ed.] sec. 260.   This, as will be seen from the authorities, is elementary law. Here, as will readily be noted, the judgment was not final ; not on the merits of the cause ; that cause was not terminated ; there had been no adjustment of the rights of the parties nor the extent of those rights.   This is conspicuous on the face of the record, and becomes more conspicuous when the statute law respecting attachment proceedings is examined.

Section 439 of the attachment act provides that if the issue on the plea in abatement be found for the plaintiffs, " judgment shall be rendered against defendant, sustaining the attachment, * * * and the cause shall proceed ; but if such issue be found for the defendant, the court shall render judgment that the attachment be abated," etc.   The section also makes provision for an appeal by the plaintiff in the latter contingency, and provides for the attachment remaining in full force until such appeal is determined.   Further provision is made by the same section, that in the event of the failure of the plaintiff to appeal, or after the dismissal or affirmance of the appeal, that " the defendant may plead to the merits, and the suit shall proceed to final judgment on the cause

of action therein alleged, as though commenced originally by summons alone." And the same section makes further provision that where the issue on the plea in abatement goes against the plaintiff "the defendant shall not be required to plead to the *merits of the action*, until after the time fixed for taking an appeal has expired, or until the determination of such appeal."

These statutory provisions set forth in the clearest light that a judgment on a verdict in a plea in abatement does not become, and was not intended by the legislature to become, a bar to a trial on the merits of the cause. Besides, if such a judgment should be a bar, such a bar, like other estoppels, would, of course, have to possess the elements of mutuality, so that, if the issue on the plea in abatement should happen to go in favor of the *defendant*, the mere judgment that "the attachment be abated," would have the force and effect of a final judgment; could be pleaded by him as such, and the cause could not proceed to final judgment as though commenced by summons alone, nor could the defendant be required to plead to the merits of the action. I would not have noticed this point at such length, but for the fact that plaintiff's counsel has called attention to the case of *Stewart v. Nelson*, 79 Mo. 522, as authority in support of the position that matters put in issue on the trial of a plea in abatement in an attachment suit, become *res judicata*, where the cause is afterwards tried on its merits. The case undoubtedly supports the claim of counsel, but I am persuaded that the conclusion therein reached is not a sound one; indeed, was unnecessary to a proper decision of the case, and so may be regarded as resulting from a momentary inadvertence.

II. The instruction given by the court of its own motion, is open to criticism, because it told the jury that "the only question for their determination is whether or not Charles Jolioh wilfully and maliciously set fire

to and burned the machine in question." This instruction is objectionable, because it employs a word not authorized by the section of the statute on which this action is bottomed, to-wit, "*wilfully*." It is sufficient, under that section, to authorize a recovery, that the act be done either "*maliciously*" or "*wantonly*." The legislature evidently had a purpose in employing those words, and attached to each one its own proper and usual signification. A similar line of remark was pursued in the case of *Burgert v. Borchert*, 59 Mo. 80.

III. In ordinary cases, where the action is one at law, this court does not interfere in regard to questions of the mere weight of evidence. In this case, however, the evidence is of the most cogent character that Charles Jolioh burned the plaintiff's machine. This evidence is both direct and circumstantial, consisting of previous threats, and subsequent admission of the fact of his guilt; his wearing boots which made certain tracks, and those tracks being found the next morning, leading directly from where the machine was burned to within a few yards of his house; his alarmed and excited manner, when visited by a neighbor the next day, and finally his act in changing those boots for others, at the suggestion of another neighbor. Looking at all these things, it is a matter of profound surprise that the jury, with all this evidence before them, could have found as they did. But, inasmuch as they have done so, our duty, under the rule announced, in the cases of *Whitsett v. Ransom*, 79 Mo. 258, and *Spohn v. Railroad*, 87 Mo. 74, is clear, and so the judgment is reversed and the cause remanded. All concur.