RICHARD DAWSON, Appellant, v. T. T. QUILLEN, Respondent.

Kansas City Court of Appeals, January 5, 1891.

1.  Attachment: LANDLORD AND TENANT: ENDANGERING PAYMENT OF RENT: INSTRUCTION: LIEN ON CROP. On the trial of a plea in abatement in an attachment for rent, it is error to instruct the jury to consider the amount of the defendant's property in determining whether his acts in removing his property and selling the crop

Dawson v. Quillen.

endangered and delayed the collection of the rent. The lien being upon the crop, the question is, does the removal or disposal of the crop hinder or endanger the collection of the rent out of the crop?

2. ———— : ———— : ———— : AMOUNT OF RENT : RES ADJUDICATA. On the trial of the plea in abatement, the defendant can under the statute show the amount of rent owing, and the question for the jury is whether there is such disposal as will endanger the collection of the rent out of the crop; yet such investigation and determination of the amount of rent on such trial will not be *res adjudicata* on the trial of the merits.

*Appeal from the Carroll Circuit Court.*—Hon. J. M. Davis, Judge.

REVERSED AND REMANDED.

*John B. Mirick, B. F. Deatherage, O. G. Young,* for appellant.

(1) Instructions must be framed with regard to the issues made by the pleadings, and all the issues must be presented. *Henry v. Hinds,* 18 Mo. App. 497; *Beauchamp v. Higgins,* 20 Mo. App. 514; *Bank v. Westlake,* 21 Mo. App. 565; *Bank v. Murdock,* 62 Mo. 70; *Glass v. Gelvin,* 80 Mo. 297; *Mansur v. Botts,* 80 Mo. 657. (2) Instructions that present questions outside of the issues tendered by the pleadings should be refused. No inquiry as to the merits of the case can be made on the trial of plea in abatement. *Storms v. White,* 23 Mo. App. 31; *Larimore v. Legg,* 23 Mo. App. 645; *Haseltine v. Ausherman,* 87 Mo. 410; *Chouteau v. Boughton,* 100 Mo. 406. The plaintiff should have been granted a new trial and judgment rendered in his favor under the evidence. Laws of Mo. 1883, p. 105; 38 Mo. 447.

*J. W. Sebree* and *L. A. Holliday,* for respondent.

ELLISON, J.—This is an attachment by a landlord against his tenant under section 3091, Revised Statutes, 1879, as amended by Laws, 1883, page 105. The grounds

of attachment, as alleged in the affidavit were, that the tenant had within thirty days removed his property from the leased premises.  And that he was "selling and feeding the crop grown on said premises, so as to endanger, hinder and delay," etc.  There was evidence tending to support the affidavit.  The judgment was for defendant and plaintiff appeals.  The parties do not agree as to what the instructions were and we have examined the transcript to see how they have been certified to us.  The following, among others, was given for defendant over plaintiff's objection :

"If the jury find that there was no express contract between the parties, how much rent defendant was to pay for the land for the year 1888, then the jury must find how much the land was worth for that year, and the value of the defendant's property, including the crop on the premises, in order to arrive at the question whether the acts of the defendant alleged in the affidavit for attachment did endanger, hinder and delay the plaintiff in the collection of his rent."  This is an error for which the judgment must clearly be reversed under the authority of the case of *Hazeltine v. Ausherman*, 87 Mo. 410.  The question of whether the tenant's removal or disposal of the crop will endanger, or has endangered, the collection of the rent is not to be determined, under the statute of 1879, by reference to any amount of property the tenant may have other than the crop.  The lien being upon the crop, it was intended by that statute to protect the crop for the landlord regardless of what other property the tenant might have.  The question is, does the removal or disposal of the crop hinder or endanger the collection of the rent out of the crop ?  The first instruction for defendant as found in the transcript should have had inserted after the words, "collection of his rent," the words, "out of the crop grown on the premises."

On retrial plaintiff's instructions should be confined to the causes alleged in the affidavit.  His first

appears to embrace more than the affidavit. The other instructions for defendant appear to be correct.

II. It is permissible under this statute for the defendant to show, on trial of the plea in abatement, the *amount* of rent owing; for as it is held in *Hazeltine v. Ausherman, supra*, that a portion of the crop may be disposed of without subjecting the tenant to an attach-. ment—the question for the jury being, whether it is such a disposal as will *endanger the collection of the rent* out of the crop, the amount of the rent should be known to the jury that they may be enabled to judge whether the disposal is of such proportion as to endanger its collection. The investigation of the rent or the amount thereof on the plea. in abatement would not, however, be *res adjudicata* on the trial of the merits. *Garrett v. Greenwell*, 92 Mo. 120. While it will frequently result that the same question will be tried in abatement and on the merits with conflicting results, yet such is the construction of the statute.

The judgment will be reversed, and the cause remanded. All concur.