ROBERT G. RANEY, Appellant, v. WM. H. THOMAS, Respondent.

St. Louis Court of Appeals, April 29, 1902.

1. **Landlord and Tenant: ATTACHMENT FOR RENT: NOTICES TO TENANT, WHEN REQUIRED: DEMAND OF RENT.** Under the fourth clause of section 4123, Revised Statutes 1899, it is not necessary for the landlord to make demand of the tenant before bringing an attachment suit for rent whether due or not, when he (the tenant) shall in any manner dispose of the crop, or any part thereof, grown on the leased or rented premises, so as to endanger, hinder or delay the collection of the rent.

2. ———: ———: ———. But the sixth clause of section 4123, Revised Statutes, provides that a landlord may attach for rent, when the rent is due and unpaid, only after demand thereof.

3. ———. ———: ———. In the case at bar, the instructions are examined and held to be conflicting.

Appeal from Cape Girardeau Court of Common Pleas.—*Hon. John A. Snider,* Judge.

REVERSED AND REMANDED.

*Sam M. Green* for appellant.

(1) Tenants, nor their creditors, can defeat the landlord's lien.   Knox v. Hunt and Porter, 18 Mo. 244; Sanders v. Ohlhausen, 51 Mo. 163; Selecman v. Kinnard, 55 Mo. App. 635; Holt v. Colyer, 71 Mo. App. 280.   (2)   It was not necessary that any demand should be made for rent. The service of the summons shall be deemed and stand instead of a demand for rent in arrears.   R. S. 1899, sec. 4118.   (3) Defendant's second instruction is inconsistent with and contradictory to the seventh instruction given for plaintiff, and was therefore calculated to mislead and confuse, and did mislead and confuse the jury.   The second instruction is error, for the reason that instructions must not be inconsistent, and the giving of such is error.   Heuchen v. O'Bannon, 56 Mo. 289; Stevenson v. Hancock, 72 Mo. 612; Stone v. Hunt, 94 Mo. 475.

*L. Caruthers* for respondent.

(1)   In order to make a case, appellant should have shown the facts stated in his petition and affidavit to be true by a preponderance of evidence, and in case of conflicting evidence, the verdict of the jury should stand.   Cleveland v. Crum, 33 Mo. App. 616.   (2)   This attachment was made prematurely and the verdict of the jury was overwhelmingly sustained by the evidence.   Duryee v. Turner, 20 Mo. App. 34.   (3)   In the absence of any agreement between landlord and tenant, the rent of a farm is due at the expiration of the year.   Ostner v. Lynn, 57 Mo. App. 187.   (4)   A tenant is not prohibited from removing any portion of his crop, when

the collection of rent is not endangered or hindered. Haseltine v. Ausherman, 87 Mo. 410; Haseltine v. Ausherman, 29 Mo. App. 451.

BLAND, P. J.—The suit is by attachment for the recovery of rent and is based on the fourth and sixth clauses of section 4123, Revised Statutes 1899. The fourth clause of the section provides that a landlord may have attachment for rent whether due or not, "when he [the tenant] shall in any manner dispose of the crop, or any part thereof, grown on the leased or rented premises, so as to endanger, hinder or delay the collection of the rent." The sixth clause provides that a landlord may attach for rent, "when the rent is due and unpaid, after demand thereof." On trial on the plea in abatement of the attachment, the verdict was for the defendant.

The undisputed facts are that respondent rented some meadow fields of the appellant for the year 1901, agreeing to pay one-third of the hay harvested as rent, and that the respondent, while the harvesting was in progress, or very shortly after its completion, without the knowledge or consent of the appellant, sold and hauled away from the premises four or five wagonloads of the hay.

The parties in their evidence disagree as to some of the terms of the rent contract.

Appellant testified that respondent agreed to harvest and stack the hay, and then to bale it and deliver him one-third of the hay in bales as rent.

Respondent testified that the agreement was that he was to harvest and stack the rent hay on the premises for two-thirds of the crop; that he did harvest it and divided it by the load, making the loads as nearly equal, both as to quantity and quality, as could be, and that he set aside every third load for the appellant and stacked or stored it on the premises to itself, and that it was there when the attachment was served.

The witnesses, who helped respondent harvest the hay,

testified that the division of the hay was made as it was hauled out of the fields and that the loads were as nearly equal as they could be made, and that every third load was either stacked or stored on the premises for the appellant.

The appellant was not present while the hauling was going on and had no one present to represent him.

The attachment was sued out on the eleventh day of July and about the time the harvesting was finished.

According to the testimony of respondent, and the persons who helped him harvest the hay, there was in all twenty-three and two-thirds loads. The sale of four or five loads by respondent did not endanger the collection of the rent, if the contract was as respondent swore it was, and if there was a fair and equal division of the hay as it was hauled from the fields and stacked or stored. If, on the other hand, the contract was as appellant testified, the rent hay could not be set apart until it was baled. The principal question in issue on the trial was whether or not respondent was to bale the hay. There was evidence supporting both the appellant's and the respondent's theory of the contract in this respect. It seems to us that the evidence preponderates in favor of appellant's version of the contract. From the result, we infer that the jury took the other view and found the contract was as respondent testified; having so found this court is bound by that finding.

Among the instructions given by the court for the appellant is the following:

"No. 7. The court instructs the jury that it is not necessary to make demand for rent, since the statute expressly declares that the service of the summons in actions for rent stands instead of a demand of rent in arrears."

For the respondent the following:

"No. 2. The court instructs the jury that before you can find for the plaintiff in this case you must first find that demand for rent was made of defendant, or if he was absent, then of any one occupying the premises."

There is no evidence that any demand was made for the rent; on the contrary, the evidence of appellant is that he did not make a demand before he brought the suit. These two instructions are diametrically opposed. If the appellant relied on the sixth clause of the statute to sustain his attachment, then a demand was a prerequisite to his right to attach, and respondent's instruction correctly declared the law as applied to that clause.

Appellant's instruction also correctly declared the law if he relied on the fourth clause of the section to sustain his attachment. Neither of the instructions, however, informs the jury as to which of the two clauses, alleged in the affidavit for the attachment, the instruction applied. This should have been done.

The appellant asked the following instruction:

"No. 6. The court instructs the jury that rent in kind is a division of the crop raised into portions, respectively, of the landlord and tenant, and such division [should be made in the presence of both landlord and tenant, or their authorized agents] and should be made according to the rent contract; and before such division of the crop raised, neither the landlord nor the tenant has any lawful right to dispose of or sell any portion of the rent crop; and if you believe that the defendant, before such division and delivery to the plaintiff, according to the contract, in any manner disposed of the crop, or any part thereof grown on the rented premises, you will find for the plaintiff" which the court gave after striking out that portion in brackets.

The contention is that the instruction should have been given as asked. There is no evidence that the agreement was that both parties should be present when a division of the hay should be made. There is no presumption of law that required the presence of both parties. A landlord, if he sees fit, may entrust the division of the crop to the tenant, which is frequently done. The evidence shows that the appellant

was near by and knew when the harvesting was in progreess. If he wished to be present to see to the division of the crop it was his privilege to have gone on the premises and looked after his rent. He could not stay away and by his absence prevent the respondent from setting aside what he believed to be the landlord's just portion.

For error in conflict of instructions the judgment is reversed and the cause remanded. *Barclay* and *Goode, JJ.,* concur.