FLORENCE M. CLARK, Appellant, v. ROBERTSON BROTHERS & COMPANY, Respondents.

**Kansas City Court of Appeals, January 11, 1909.**

CONTRACT: Release of Rent: Consideration: Instruction. Agreements must be supported by a consideration, and, held, defendant's instruction compelled the jury to find that there was a consideration for a release of certain rent. *Held,* further, there is no room for disputing a consideration for such release if the parties in fact were to and did return to the rented property by reason of the released rent.

Appeal from Jackson Circuit Court.—*Hon. E. E. Porterfield,* Judge.

AFFIRMED.

*Harvey E. Hartz* for appellant.

(1)   The court erred in refusing to give to the jury plaintiff's instruction numbered 4. It was error on the part of the court to refuse to instruct the jury that plaintiff was entitled to her rent in this action, unless defendants could show a release, supported by a valid consideration. A release unless supported by a valuable consideration is a mere *nudum pactum.* Hazeltine v. Ausherman, 87 Mo. 410; Evers and Hunt v. Shumaker, 57 Mo. App. 454; Macfarland v. Heim, 127 Mo. 327; Grath v. Tile Co., 121 Mo. App. 245; 24 Cyc. 1142, 1167.   (2)   The burden of proof to show such release and that it was supported by a valuable consideration, is upon the defendants.   24 Cyc. 1221; Wheeler v. Baker, 59 Iowa 86, 12 N. W. 767.

*Frank P. Sebree,* for respondents, submitted an argument.

ELLISON, J.—This is an action for rent for a tract of farming land for the year 1904, and for damages. The defendants prevailed in the trial court.

Plaintiff is the assignee of the Industrial Investment Company, and is undertaking to recover from defendants the value of one-third of a crop of corn raised by defendants in the year 1904, that portion being alleged as rent agreed upon between defendants and such company. The record discloses that the Industrial Company rented a large tract of land in the Missouri River bottom to defendants for the year 1903, and that in June of that year a flood destroyed the crop which had been planted and cultivated up to that time. That company again rented the land to defendants for the year 1904, and again a flood came and destroyed the greater part of the growing crop. It was of such extent that defendants were compelled to leave the premises, bringing away with them stock and farming implements. After the flood had subsided defendants called on the company's agent and talked over their great loss and expense and offered to give up the lease and to permit the company to take possession and save what it could of the crop. The company declined to do so, and insisted that defendants should return and save what they could of the crop and cut about twenty acres of willows which had sprung up on the place, and that the company would not ask any rent for that year (1904) and would let them have the place for the succeeding year free of rent also. Defendants consented to the proposition and the following writing was executed by the company's agent: "We hereby agree to make no claim for rentals under our lease to the Clark & Wilson 637 acres north of Kansas City, Kansas, for the year 1904, owing to the damage to you from

recent flood, in consideration of your proposition to clear certain parts of willows for use of land next crop season."

Defendants went back to the place and were successful in raising some corn of poor quality, together with some other late crop. This crop was disposed of by defendants with the knowledge of the company.

It appears that Clark & Wilson held a mortgage on the land and it was conveyed to them by the mortgagors without foreclosure and the debt cancelled. Some dispute occurred between Clark and Wilson and defendants as to the extent or acreage of willows which should be cut, resulting in them telling defendants they could not have the place for the year 1905 as per the agreement above set out. They had written notice sent to defendants demanding that they quit possession. Defendants, in pursuance of the notice, thereafter quit the possession. The Industrial Investment Company then assigned the written lease of 1903, renewed for 1904 as above stated, to Clark and Wilson for the consideration stated to be one dollar. Wilson then assigned his interest to Clark for one dollar, and Clark assigned his interest to his wife, the present plaintiff, for one dollar.

There were issues in the case as to the cutting of the willows and the time when they were to be cut, which were duly submitted to the jury in an instruction offered by plaintiff, and we need not dwell upon them. But plaintiff claims that the release of the rent for the year 1905 was without consideration, or, at least, there was evidence tending to show that there was no consideration, and that the trial court erred in refusing her instruction No. 4, submitting that issue. It is fundamental that an agreement between parties must be supported by a consideration, as is declared in the case cited by plaintiff (Hazeltine v. Ausherman, 87 Mo. 410), a case which involved a claim of release of rent. But in this case we regard the instruction re-

fused for plaintiff as not presenting that issue, as the evidence made it, in nearly such appropriate manner as did that given for defendants. The question of consideration was duly submitted in defendants' instruction in such way as to put the issue to the jury under the evidence bearing upon the question as developed in the case. Under that instruction the jury were compelled to find there was a consideration. There is no room for disputing a consideration if the facts were that defendants were to be forgiven the rent for 1904, and rent free for 1905, if they would return to the premises and cut certain willows growing on the land, and that they did return with their property and would have cut the willows but for the notice from plaintiff's assignor to quit possession.

In our view plaintiff did well in being allowed to submit the case to a jury, and the result being against her she is without just cause of complaint. The judgment was manifestly for the right party and it is affirmed. All concur.