## SESSINGHAUS, Appellant, v. KNOCHE, Respondent.

### St. Louis Court of Appeals, April 6, 1909.

1. **ATTACHMENT: Landlord and Tenant: Commingling Grounds of Attachment with the Merits of the Case.** On the trial of the plea in abatement of an attachment for rent, where the grounds of attachment alleged went to the merits of the case, it was not reversible error to submit to the jury such questions affecting the merits, so far as necessary to determine the truth of the grounds of attachment alleged.

2. **LANDLORD AND TENANT: Vacating Premises: Notice to Quit.** A tenant from month to month, who vacates the rented premises without the consent of his landlord, and without notice to his landlord of his intention to terminate the tenancy, remains liable for rent for the succeeding month.

3. **———: Plea in Abatement: Res Adjudicata.** Matters determined on trial of the plea in abatement of an attachment are not *res adjudicata* as to such matters on a trial of the merits of the case.

4. **———: Landlord and Tenant: Demand.** A visit to the rented premises by the landlord with the intention of demanding rent, when such premises are wholly unoccupied, is not a demand within the meaning of the sixth ground of attachment for rent set out in section 4123, Revised Statutes 1899.

5. **———: Verdict: Harmless Error.** Where several grounds of attachment were alleged in the affidavit for attachment, and on trial of the plea in abatement, each any every ground of attachment so alleged was sustained by the verdict, it was error to set aside the verdict because part of the grounds of attachment were erroneously sustained.

Appeal from St. Louis City Circuit Court.—*Hon. Geo. H. Shields,* Judge.

REVERSED AND REMANDED (*with directions*).

*B. R. Brewer* for appellant.

*H. H. Oberschelp* for respondent.

NORTONI, J.—This is a suit in attachment for rent. The case comes here on plaintiff's appeal. It appears the plaintiff recovered in the circuit court; that is, the jury found a verdict affirming all of the grounds for attachment alleged in the affidavit. Upon hearing the motion for new trial, however, the court set this verdict aside for the reason it was of the opinion there was error in the instructions given at the instance of the plaintiff. From this order setting aside the verdict of the jury, plaintiff prosecutes the appeal.

It appears that by an oral agreement, plaintiff let a hotel building in the city of St. Louis to the defendant at the agreed rental of $100 per month, to be paid on the first day of each month. The defendant occupied the same and paid rent for a time, and finally, on the 20th day of December, vacated the premises and removed his property therefrom without having terminated his tenancy by giving thirty days' notice as required by the statute. The installment of rent due on the first day of January thereafter not having been paid, plaintiff instituted this attachment suit on January 5th, for the $100 rent due January 1st for that month. It conclusively appears that the rent for January was due and unpaid at the time of the institution of the suit and that the plaintiff, having called at the premises to make demand therefor, was unable to do so for the reason the premises were vacant and unoccupied.

There are several grounds of attachment set forth in the affidavit, only two of which are material, however, at the present time. These are the fourth and fifth. The fourth ground for attachment alleges that the defendant was liable to plaintiff for the rent for the month of January for the premises mentioned, whether then due or not, and that defendant had removed his property from said rented premises within thirty days previous to January 5th. The fifth ground alleged is that the said rent was due and unpaid; that said defendant at the time, January 5th, was absent from said premises; that

plaintiff's agent had visited the said premises to demand the rent due and found said premises vacant and no one occupying the same. The court instructed the jury on all of the grounds for the attachment alleged in the affidavit. What directions were therein given touching the grounds of attachment other than the fourth and fifth, are immaterial here. The instructions in that respect were entirely proper. The court set the verdict aside, however, for the reason that in its opinion it had trespassed upon the merits of the controversy in the instruction submitting the fourth and fifth grounds of attachment. Touching these grounds, the court instructed that if the jury found from the evidence, fourth, that the defendant was liable to plaintiff for the rent for the month of January, for the premises mentioned in the evidence, whether then due or not, and that defendant had removed his property from said rented premises within thirty days previous to said January 5th, then their verdict should be for the plaintiff. And fifth, that if the jury found from the evidence said rent was due and unpaid; that said defendant, at the time the suit was brought, January 5th, was absent from said premises; that plaintiff's agent had visited said premises to demand said rent then due and found the premises vacant and no one occupying the same, the jury should find for the plaintiff on that ground. In its instruction number two, the court directed that the jury were not to determine, and that its decision should in no wise affect, the question whether or not plaintiff is entitled to recover from defendant the rent for the month of January, but that the matter submitted to the jury was solely whether any one or more of the reasons alleged by plaintiff as grounds for bringing suit by attachment, were true. By plaintiff's instruction number five, the court directed the jury that the evidence showed the tenancy was from month to month, and that the only way defendant could terminate the tenancy and end his liability for rent was to give the plaintiff or her agent written notice of his in-

tention to terminate the tenancy thirty days previous to the time the month expired. The court assigned the following reasons for setting aside the verdict. First, that the first instruction defining the grounds of attachment, submitted to the jury the question of whether the defendant was liable to the plaintiff for rent for the month of January, whether then due or not, and second, whether said rent was due and unpaid, and plaintiff's agent had visited the premises to demand the rent and found them vacant and unoccupied. So much of the instruction referred to was declared to be error for the reason it submitted questions touching the merits of the plaintiff's cause of action and not simply on the grounds of attachment. The court said the instruction in that respect was also inconsistent with instruction number two which directed the jury that its verdict should in no wise affect the question whether or not the plaintiff is entitled to recover from the defendant the rent for the month of January, but that the matter submitted related solely to whether one or more of the grounds alleged by the plaintiff for attachment were valid. The court also declared that it erred in the fifth instruction given on behalf of the plaintiff for the reason that it submitted the question of defendant's liability for rent to the jury and was also inconsistent with instruction number two. In so far as instruction number five is concerned, it certainly declared the law, for the evidence of defendant himself is to the effect that he rented the premises by a verbal agreement for no definite period, and agreed to pay the rent of $100 on the first of each month in advance. It appears, too, he quit the possession and vacated the premises December 20th without having given plaintiff notice to that effect and without her knowledge or consent. Our statute (4110 R. S. 1899, sec. 4110, Mo. Ann. St. 1906), declares all agreements for the occupation of houses, tenements or other buildings in cities not made in writing, to be tenancies from month to month, and that either party may terminate

such tenancy by giving the other party one month's notice in writing of his intention to terminate the same. It is abundantly settled under this statute that a tenant from month to month, who, without the consent of the landlord, vacates the premises without giving one month's notice to the landlord of his intention to terminate the tenancy, will remain liable for the rent of such premises for the month succeeding. [Buck v. Lewis, 46 Mo. App. 227.] Where it conclusively appears, as in this case, and in fact, is conceded by all concerned, that the tenancy was from month to month, and without the consent of or notice to the landlord, the premises are vacated by the tenant, there is certainly no error in the court declaring the legal effect of such uncontroverted facts as a matter of law. It is true this matter touched thereafter determined in the principal suit on the merits. However, our statute under the landlord and tenant act upon the merits of the controversy which was to be (sec. 4123, R. S. 1899, sec. 4123, Mo. Ann. St. 1906), concerning attachments for rent, seems to commingle the matter pertaining to the defendant's liability on the merits of the case with the grounds of attachment specified therein. It is difficult indeed to discern how the court could submit the two grounds of attachment referred to without treating to some extent with the merits of the controversy to be determined in the principal suit on the merits. That statute, in so far as pertinent here, is as follows: "Any person who shall be liable to pay rent, whether the same be due or not . . . if the rent be due within one year thereafter, shall be liable to attachment for such rent, in the following instances: . . . third, when he has, within thirty days, removed his property from the leased or rented premises; . . . sixth, when the rent is due and unpaid after demand thereof; provided if such tenant be absent from such leased premises, demand may be made on the person occupying the same." Now it appears from this section, first, that no attachment is authorized unless it be in a

case where the party attached is liable to pay the rent.
It is immaterial whether the rent is due or not, if it ap-
pears the defendant is liable therefor.  It is certainly es-
sential, however, for the jury to find a liability on the
part of the defendant to pay the rent before it can sus-
tain the allegations in attachment, for the whole matter
depends in the first instance upon the liability of the de-
fendant to pay the rent.  If defendant is liable to pay
the rent and it will become due within one year there-
after, it is sufficient on this score, whether the same is
then due or not.  In view of the fact that it is essential
for the jury to find the defendant liable for the rent, we
are persuaded that the mere fact the court referred to
the rent for January in the instruction, was not pre-
judicial error.  It conclusively appears that the only
rent owing by defendant to the plaintiff was that for the
month of January following the vacation of the prem-
ises, and this accrued because of the defendant's failure
to terminate the tenancy in the manner required by giv-
ing statutory notice.  Generally speaking, it would be
well for the court to instruct the jury to find whether
the rent was due within one year after the institution of
the suit.  The omission of this matter in the present in-
stance is certainly immaterial for it conclusively appears
the rent was due January first, or five days before the at-
tachment was sued out.  It will be observed the instruc-
tion referred to did not submit to the jury the question
as to whether the rent for January was due.  It in fact
referred the question of defendant's liability therefor,
whether due or not, to the jury, and directed them to de-
termine the question of liability whether the rent was
then due or not.  It appears from this that the question
of liability and not the question of the amount thereof,
was referred for the consideration of the jury.  So much
of the instruction as related to this question, directed
that if the defendant was found to be liable for the rent
in January, and had removed his property from the
rented premises within thirty days previous to the in-

stitution of the suit, then the attachment should be sustained. As stated, the matter of liability referred to in a measure touches upon the merits of the controversy which should be determined thereafter in the principal suit. However this may be, the statute giving the remedy by attachment is responsible for this commingling of issues, if they be so commingled. Aside from this, instruction number two told the jury the question as to whether the plaintiff was entitled to recover the rent for January was not then submitted for consideration, and that the jury was to deal with the matter of liability only to the extent of determining the ground of attachment. The mere fact that the jury may find on the plea in abatement that the defendant is liable to respond on the merits of the cause, does not operate a substantial impairment of the defendant's rights thereafter, for the law is well established to the effect that a judgment on matters in issue on the plea in abatement in an attachment suit, does not become *res adjudicata* as to such matters on the trial of the principal cause on the merits. [Garrett v. Greenwell, 92 Mo. 120.] An investigation of the matter of rent and of the defendant's liability therefor on a plea in abatement will not be treated as *res adjudicata* on the subsequent trial on the merits for the reason the statute itself introduces the matter of liability for the rent as a constituent element of the right to an attachment. [Dawson v. Quillen, 43 Mo. App. 118, 121.]

Under the sixth ground mentioned in section 4123, Revised Statutes 1899 (sec. 4123, Mo. Ann. St. 1906), plaintiff is authorized to attach a defendant who is liable for the rent, within one year thereafter, when the rent is due and unpaid after demand therefor. In connection with this ground, the statute further provides that if such tenant be absent from such leased premises, demand may be made on the person occupying the same. Now the affidavit in attachment, proceeding on this ground of attachment, recites that the rent was due and

unpaid on January 5th; that the defendant was absent from the premises; that plaintiff's agent had visited the premises, seeking to demand such rent then due and found the premises vacant and unoccupied. In the instruction given, the court directed the jury that it might sustain the attachment on this ground if it found the rent was due and unpaid at the time the suit was brought, on January 5th, and that the defendant was absent from the premises and the plaintiff's agent, upon visiting the premises to demand the rent from him, found the premises vacant and unoccupied. That is to say, both the affidavit for attachment and the instruction pertaining to the sixth ground mentioned, proceeded upon the theory that if plaintiff visited the premises and found no one there upon whom to make the demand, this fact was equivalent to a demand for the rent. We believe this to be error. The sixth specification of the statute authorized the attachment for the rent due and unpaid after demand, and then points out that the demand may be made on another person occupying the same, provided the attachment debtor is absent therefrom. The statute contemplates a demand upon some one, the attachment debtor if he is present, and if he is absent from the premises, it may be made upon another person who occupies the same. [Raney v. Thomas, 94 Mo. App. 315.] This no doubt proceeds upon the theory that the person occupying in the absence of the attachment debtor, would probably be some member of his family or one in his employ, or some one in privity with him in some manner, probably a sub-tenant. However, it is unnecessary to speculate on the intention of the Legislature in this behalf. It is sufficient here to say that the statute does not make a visit by the plaintiff to the premises with the intention to make a demand, when they are wholly unoccupied by any person, equivalent to a demand upon the defendant, or in his absence, upon some other person occupying the same. We are of the opinion had the attachment been sustained on this

ground only, without demand upon the defendant or another person occupying the premises, the verdict should have been set aside for the reason the visit of plaintiff's agent to the unoccupied premises for the purpose of making a demand on defendant for the rent, was insufficient to render the mere default in payment a ground for attachment. Be this as it may, we are of opinion that the court erred in setting aside the verdict for the reason it expressly sustained the attachment on each and every other ground therefor assigned in the affidavit. In all, the affidavit for attachment alleged five grounds therefor. The verdict of the jury sustained the attachment on each and every ground alleged. The evidence is ample to support all of those, other than the last mentioned. All of the grounds for attachment, other than that the rent was due and unpaid after demand, were properly submitted by the instructions. Under these circumstances, the verdict should be sustained on the grounds which are valid, even though error interposed with respect to the one ground last referred to. [Eisenhart v. Cabanne, 16 Mo. App. 531; Tucker v. Frederick, 28 Mo. 574; Garroutte v. White, 92 Mo. 237, 241.] The court should have disregarded the error referred to and entered judgment on the verdict sustaining such grounds only as were properly submitted by instruction and sustained by the evidence.

The order granting a new trial will be reversed and the cause remanded to the trial court with directions to reinstate the verdict sustaining the attachment on such grounds as are valid and proceed accordingly. It is so ordered. *Reynolds, P. J.,* and *Goode, J.,* concur.